## 8585

### STATE v. PUCKETT.

BURGLARY.—Entering in the nighttime a piazza to a dwelling enclosed by a low balustrade and picket gates to keep out dogs and chickens, there being no evidence of intent to steal, is not such an entry as will support an indictment for burglary at common law.

Before PRINCE, J., Laurens, January term, 1913.    Reversed.

Indictment against Rich Puckett for burglary. Defendant appeals.

*Messrs. Fergerson, Featherstone & Knight,* for appellant, cite: *Common law burglary:* 2 Bish., Sec. 91; 12 S. C. 568; 2 Whar., Sec. 971; Clark's Crim. L., Sec. 100. *Piazza not a part of the dwelling:* 39 Ala. 679; 6 Words and Phrases, 5376. *Indictment must set forth every fact necessary to constitute crime:* 2 Whar. 1229; 6 Cyc. 199, 220, 231; Clark Cr. Pro. 162; 14 S. C. 353; 1 Rich. 184, 18 S. C. 138; 45 S. C. 488; 47 S. C. 5. *Entering door ajar or window partly raised:* 2 Bish. Cr. L., Sec. 91; 2 Whar., Sec. 971; 32 S. C. 21; 13 Ived. 244; 1 N. J. L. 439; 105 Mass. 588; 68 Ala. 539. *Breaking out:* Clark's Crim. L. 234; 2 Whar. Cr. L. 1200; 5 Ency. 67; 5 Baxt. 569; 55 Ala. 123; 51 Ga. 285; 82 Pa. St. 306; 70 N. C. 239; 29 S. C. 81; 64 S. C. 348.

*Solicitor R. A. Cooper,* contra.

June 30, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. The defendant-appellant was tried and convicted in the Court of General Sessions for Laurens County, on January, 1913, on a charge of burglary. He was charged with breaking and entering the dwelling house of W. R. Richey, in the night time, with intent of committing a felony, on September 22, 1912. After conviction, a motion for a new trial was made by appellant, which was overruled and after sentence, appellant appeals and alleges ten specifications of error on the part of his Honor. The first five exceptions allege error on the part of his Honor, in overruling the motion for a new trial, in that there was no testimony to sustain the verdict, as the evidence showed that the portion of the house entered was the piazza, unprotected and unenclosed, and was not such a place as to be legally the subject of burglary, and there was no evidence that the

defendant broke and entered a dwelling house as alleged in the indictment, and in holding that picket gates, in contemplation of law, put on the piazza outside of the house, constituted a protection or security, to the habitation of the dwelling, when the evidence showed that the gates were not put there for any such purpose, but to keep out dogs and chickens, and in holding that under the indictment, the appellant could be convicted of burglary in breaking out of said dwelling house when there was no evidence of such breaking, and for the further reason, there was no evidence of any breaking or entering in the house to steal, no breaking out, and no evidence at all of any theft, or other felony, committed by the appellant, in consequence of such entry.

The ninth and tenth exceptions raise the point, there was no evidence to sustain the verdict. The facts, as developed at the trial in brief are: That the dwelling house of Mr. Richey is on West Main street, in the city of Laurens; that the house is surrounded on the front and on the east and west ends by a piazza, with balustrade two and one-half feet high. From the top of balustrade to the overhead ceiling of the piazza is an open space of six or seven feet. On the front there was an opening on the piazza of twelve feet through the balustrade. On the east and west ends there was an opening of eight feet from the back yard on each end of the piazza. There was a picket gate to each end opening of the same height as the balustrade, leaving the space above open to the ceiling. It was the custom to keep these gates closed to keep out chickens, dogs, etc. The evidence shows the defendant-appellant was familiar with the premises. On the night in question, it was damp and raining. During the night Puckett was found on the piazza of the house under suspicious circumstances. There is no question about that, and there was sufficient testimony to go to the jury, as to whether the gates to the piazza were closed or not. He did not enter the dwelling house proper at all, and there is no evidence that he stole anything, or

made any overt act to commit a felony. The sole question is whether the piazza was such a part of the dwelling house in this case, under the facts as proven as to make it a subject of burglary, and if so, did the appellant break and enter it in the night time with intent to steal, or did he enter it without breaking in the night time, with intent to steal, and then break out. Common law burglary is the breaking and entering the dwelling house of another in the night time, with intent to commit a felony. There must be a breaking and entering. It must be a dwelling house, it must be in the night time, and it must be with the intent to commit a felony. There must be a breaking of "The enclosing parts of a dwelling house." 2 Bishop, Sec. 91; *State* v. *Sampson,* 12 S. C. 568; 2 Wharton (11 Ed.) 1190, Sec. 971; Clark's Criminal Law, Sec. 100.

The evidence shows the appellant only on the piazza, and under the facts as proven, it does not show that the piazza was such a part of the dwelling house as was contemplated by law to make it an offence to enter in the night time against the security of the dwelling house. In the case of *Henry* v. *State,* 39 Ala. 679, "The accused was charged with larceny under the statute imposing a penalty upon 'any person, who shall commit larceny in any dwelling house.' Certain clothes had been stolen from the piazza in front of the dwelling house, and attached to it." The Court held: "Such a piazza is not a house, and cannot be a dwelling house. It may be attached to the house. A larceny committed in the piazza cannot be committed inside a house."

The entry of a piazza attached to the house outside of the house, the place where callers are accustomed to wait until someone in the house responds to a ring or knock, or to enter and sit on the piazza to get out of the rain or sun, or to rest, may be a trespass, or bad taste, but it is quite different from opening the closed doors of a house and intruding in the sanctity of the dwelling.

A careful examination of all the evidence in the case convinces us that there was not sufficient testimony to convict the appellant of the offence charged, and his Honor was in error in not setting the verdict aside.    The appellant was not indicted for an attempt to commit a burglary, although 2 Wharton (11 Ed.) 1041, says: "An attempt at burglary is indictable at common law," but appellant was indicted for burglary, not an attempt to commit burglary.

Judgment reversed.