[No. 2067]

# H. D. HEYWOOD, RESPONDENT, *v.* NYE COUNTY, APPELLANT.

1. STATUTORY CONSTRUCTION—JUSTICES OF THE PEACE—SALARY.

Under the provisions of an act of the legislature fixing the salary of the justices of the peace of certain townships at "not to exceed $1,800 per year," the salary is not fixed at such maximum sum, and the justice is not entitled to such maximum salary unless the same is fixed by some board or power authorized by law.

2. BOARDS OF COUNTY COMMISSIONERS, POWERS OF.

Whether boards of county commissioners may exercise powers not expressly granted, but which may be implied from the language of a statute, discussed, but not determined.

3. STATUTORY CONSTRUCTION.

Courts have no authority to eliminate language used in a statute or to change its obvious meaning, but are bound to give effect, where possible, to all the language used.

4. STATUTORY CONSTRUCTION.

A statute should be so construed, if possible, as to give it effect rather than to nullify it.

APPEAL from the Fifth Judicial District Court, Nye County; *L. N. French,* Judge, presiding.

Action by H. D. Heywood against Nye County. From a judgment for the plaintiff, Nye County appealed. **Reversed.**

The facts sufficiently appear in the opinion.

*T. K. Chambers, J. K. Chambers,* and *F. K. Pittman,* for Respondent.

*J. A. Sanders,* District Attorney, for Appellant.

By the Court, TALBOT, C. J.:

Respondent brought this action to recover $675, claimed to be due him as a balance of salary as justice of the peace of Manhattan Township. He was elected in 1908, and held that office during the years 1909 and 1910. At the general election in 1908 more than 200 and less than 1,000 votes were cast in that township. Section 10 of "An act fixing the compensation of county and township officers in Nye County, State of Nevada, and matters pertaining to the collection and disposition of fees arising from such offices, and regulating the conduct thereof,

and to repeal all acts or parts of acts conflicting therewith," approved March 24, 1909, which did not take effect until January 1, 1910, provides that in "townships polling more than 200 and less than 1,000 votes at the last general election, the justice of the peace shall receive as full compensation for all services rendered as such justice of the peace a salary not to exceed $1,800 per year." The same section provided that the justice of the peace in townships polling less than 200 votes at the last general election should receive as full compensation the fees provided by the act of February 27, 1893, and that in townships polling more than 1,000 votes the justice of the peace shall receive as full compensation "a salary not to exceed $2,400 per year."

It is alleged in the complaint that under the act of 1909, heretofore mentioned, the plaintiff was entitled to a compensation of $150 per month for services rendered as justice of the peace of Manhattan Township during the year 1910. On the 7th day of February of that year the board of county commissioners of Nye County, by a motion unanimously passed, entered an order relating to the salaries of justices of the peace and constables in different precincts, which specified that the salary of the justice of the peace at Manhattan should be $100 per month, and on the 7th day of October, 1910, it was further ordered by the board "that the compensation of the justices of the peace of Rhyolite, Round Mountain, and Manhattan be reduced to $75 per month on and after October 1, 1910." Following the entry of these orders the plaintiff collected from the county for the remainder of the year 1910 the reduced amounts designated by the orders. On February 8, 1911, he commenced this action to recover the difference between $150 per month and the amount he had collected as specified in these orders of the board. The appeal is from an order overruling the demurrer to the amended complaint, and from the judgment entered upon the failure of the county to file an answer.

It is urged, among other things, that the act did not authorize the board of county commissioners to make the

orders reducing the respondent's salary. We are referred to *dicta* in former decisions of this court pronouncing that boards of county commissioners have no power except such as is expressly conferred upon them by law, in which case no question was involved as to whether the general rule that the courts will give effect to the evident intention of the legislature when the language is not clear, would not apply to an act relating to the powers of the board of county commissioners the same as to any other statute.

We need not determine whether the word "expressly," used by this court in such cases as *Waitz* v. *Ormsby County*, 1 Nev. 370, and *Lyon County* v. *Ross*, 24 Nev. 102, means more than that it must clearly appear that it was the intention of the legislature to confer the power upon the board.

Of the numerous propositions presented and argued, it is necessary to consider only one. Such closely allied questions as whether under the rule that the whole act may be considered in order to determine the intention of the legislature, and whether in view of the various provisions of the statute authorizing the board to allow the appointment of different deputy county officers and fix their salaries, it is not apparent that it was the intention of the act that the board of county commissioners should fix the salaries of justices of the peace as well as of the deputies, and consequently that this power is conferred upon the board by the act, we need not determine.

If respondent's contention that the board has no power except such as is expressly conferred upon it by statute, and was not authorized to make the orders in relation to respondent's salary, be conceded, it would still be necessary to have some clear provision of law authorizing the payment by the county to the respondent of $1,800 per year, or $150 per month, before the county officers would be authorized to allow or pay the claim for salary at that rate, and before the plaintiff can recover. As we held recently, the provision in the statute that an officer shall receive a salary not exceeding a specified maximum amount, does not authorize the payment of the maximum

amount to him unless his compensation has been fixed. (*State, ex rel. Mighels,* v. *Eggers,* 36 Nev. 364, *ante.*)

The words in the act of the legislature upon which respondent relies, that the "justice of the peace shall receive as full compensation for all services rendered * * * a salary not to exceed $1,800 per year," do not say or mean that he shall receive $1,800 per year, unless the amount has been fixed by some duly authorized board or power. To hold that this language authorized the payment of a salary of $1,800 per year would be equivalent to a judicial amendment of the statute by the elimination of the words "not to exceed" and the substitution of the word "of" therefor; so that the statute would read that he shall receive as full compensation for all services rendered a salary of $1,800 per year, instead of one not to exceed that amount.

If the legislature had intended to fix the salary at $1,800 per year, they would have omitted the words "not to exceed." The court has no authority to eliminate them or to change their obvious meaning. The rule is well settled that effect should be given to all the language of a legislative act. (*Torreyson* v. *Board of Examiners,* 7 Nev. 19; *Roney* v. *Buckland,* 4 Nev. 45; *Corbett* v. *Bradley,* 7 Nev. 106.)

The statute must be understood to mean what it has explicitly expressed. (*Odd Fellows Bank* v. *Quillen,* 11 Nev. 109.)

It is an elementary rule of construction that if it is possible effect must be given to every word of an act. (*State* v. *Ruhe,* 24 Nev. 251; *Ex Parte Prosole,* 32 Nev. 378.)

Courts construe the language of a statute so as to give it effect rather than to nullify it. (*State* v. *Martin,* 31 Nev. 493.)

The words "not to exceed $1,800 per year" in the statute have no different meaning or force in regard to plaintiff's salary than they would have if they were preceded by the words "not less than $50 per month" and were followed by the words "to be fixed by the board of county commissioners." With such additional words the

language "not to exceed $1,800 per year" would clearly indicate that the salary should be fixed by the board at any amount not to exceed $1,800 per year, with the further condition that it should not be less than $50 per month.

If the act had specified that the justice of the peace should receive a salary of not less than $100 per year, and not to exceed $1,800 per year, it could be argued with as much force on behalf of the county that the salary was fixed at the minimum of $100 per year as it can be now on the part of the respondent that it is fixed at $1,800 per year.

As the legislature did not fix the amount of the salary in the act itself, it was not fixed so that the respondent was entitled to draw or recover any salary, unless it is apparent from the consideration of the whole act that the board of county commissioners were authorized to fix it. If the board were so authorized, the respondent has received from the county all they allowed and all to which he is entitled. If the board were not empowered to fix the salary within the maximum named, then respondent was not authorized to draw any amount before the fixing of his salary under some subsequent remedial act of the legislature.

The order and judgment of the district court are reversed.