[No. 2559]

## IN THE MATTER OF THE APPLICATION OF O. M. TODD FOR A WRIT OF HABEAS CORPUS.

[210 Pac. 131]

1. CARRIERS—OPERATION WITHOUT CERTIFICATE OF PUBLIC SERVICE COMMISSION NOT A CRIME, BUT RENDERS CARRIER SUBJECT TO PENALTY.
   Where a common carrier has violated Stats. 1919, c. 109, sec. 36½, by failing to obtain a certificate from the Public Service Commission, such violation does not constitute a crime; section 35, imposing a penalty, being applicable instead of section 41, punishing violation of the act by fine.

2. CARRIERS—SECTION OF ACT REGULATING PUBLIC UTILITIES, PUNISHING ITS VIOLATION, HELD NOT IN CONFLICT WITH ANOTHER SECTION, APPLIED TO CARRIER OPERATING WITHOUT CERTIFICATE.
   Stats. 1919, c. 109, provides for the regulation of public utilities and creates a Public Service Commission. Section 41 punishes by fine any violation of the act, where no punishment or penalty is provided therefor. Section 35 imposes a penalty, as provided in section 11, for a violation of any provision of the act for which a penalty is not provided. Section 36½ makes it illegal to operate as a common carrier without having obtained the certificate from the Public Service Commission, but fixes no punishment therefor. Held, that section 41, expressly excepting from its provisions all violators of the act where a penalty is provided, is not in conflict with section 35 in its application to section 36½.

3. STATUTES—PENAL STATUTES STRICTLY CONSTRUED, LEGISLATIVE INTENT GOVERNING.
   Penal statutes are to be strictly construed, but the intention of the legislature must govern in their construction.

4. STATUTES—PENAL STATUTE STRICTLY CONSTRUED, WHERE LEGISLATIVE INTENTION IN DOUBT.
   If the language of a statute is unambiguous, or its intention clear, there is no room for construction, but where the intention of the legislature is in doubt, a penal statute must be construed strictly.

5. STATUTES—IN CASE OF DOUBT CRIMINAL STATUTE CONSTRUED NOT TO APPLY.
   In case of doubt, a criminal statute must be construed not to apply to an act claimed to be in violation thereof.

ORIGINAL PROCEEDING. Application by O. M. Todd for writ of habeas corpus. **Petitioner discharged.**

*John F. Kunz,* for Petitioner:

Section 11 of the act of March 28, 1919, provides for a penalty to be recovered by a civil action upon the

complaint of the Public Service Commission. The same penalty is provided for violation of section 13 and also section 15. Section 21 specifically makes a violation thereof a misdemeanor and fixes the penalty at a greater sum. For violation of section 31 the special penalty provided for the violation of section 11 is provided, and finally the general provision is inserted in section 35 for the violation of any provision for which a penalty was not fixed, and which fixes it the same as in section 11.

The section relied upon (section 41) does not declare the omission to procure a certificate a misdemeanor or a public offense, that being done only in sections 21 and 9.

It is therefore contended that if section 41 makes the provisions of section 35 nugatory, it is still a penalty to be recovered by civil action as prescribed in section 11, and not a punishment for a criminal offense. Since section 35 prescribes the penalties of section 11 for any violation of which a penalty has not been provided, then section 41 must be treated simply as mere surplusage.

The violation of the statute did not give the district court jurisdiction, in that it was not a gross misdemeanor or any other criminal offense, but the facts adduced at the preliminary hearing to establish probable cause for the violation of the public utility act, if the violation of section 36½ is criminal, and which facts the information must follow, show that the petitioner was not a common carrier, and not subject to the jurisdiction of the commission as set out in section 7 of the act.

Section 35 clearly provides the penalty as against a public utility for a violation where no special penalty is provided, and section 41 provides a penalty against any other person or persons violating the act.

Before any proceedings could be brought against petitioner, the commission, under section 9, must pass upon the adequacy and sufficiency of the services rendered by the bus company.

*L. D. Summerfield,* District Attorney, and *Harlan L. Heward,* Assistant District Attorney of Washoe County, for Respondent:

This prosecution is brought under an act entitled, "An act defining public utilities," etc. (Stats. 1919, p. 182), creating the Public Service Commission and giving it jurisdiction over public utilities.

Section 41 of the act provides that a violation thereof "shall be punished by a fine of not less than $500 or more than $1,000." This establishes such violation as a gross misdemeanor within the provisions of Rev. Laws, 6266. If a civil liability were intended, it would have been stated by the lawmakers as a penalty to be recovered in a civil action. 16 C. J. 68.

Sections 41 and 35 are in conflict, and the rule of statutory construction that all portions of a statute must be reconciled, if possible, cannot be applied. Such is also true of sections 11, 13, 15, 21, and 24.

Section 41 controls over section 35 because it is last in arrangement. 36 Cyc. 1130; Ex Parte Hewlett, 22 Nev. 333, 40 Pac. 96; Ex Parte Smith, 33 Nev. 466, 111 Pac. 930. And because the history of the act shows the legislative intent. Stats. 1907, p. 73; Rev. Laws, 4576; Stats. 1911, p. 322; Rev. Laws, 4515, et seq.; Stats. 1919, p. 198. In the meantime, the State Department of Highways was created (Stats. 1917, p. 309), which for the first time placed motor common carriers within the jurisdiction of the Public Service Commission (sec. 7), and provided a criminal prosecution for violation of the act (sec. 41). As motor common carriers often could not respond to civil penalties, it is clearly the legislative intent that the criminal penalty provided in section 41, Stats. 1919, should prevail, as it was the only adequate remedy. 25 R. C. L., sec. 253.

By the Court, COLEMAN, J.:

This is an original proceeding in habeas corpus. The petitioner charges that he is illegally restrained of his liberty by the respondent, the sheriff of Washoe County,

pursuant to an information filed in the district court of that county, charging him with being engaged in transporting persons for hire in an automobile operated by him as a common carrier over the highways of Nevada, beyond the limits of the city of Reno, without first having obtained from the Public Service Commission the certificate required by that certain act entitled:

"An act defining public utilities, providing for the regulation thereof, creating a public service commission, defining its duties and powers, and other matters relating thereto." Stats. 1919, p. 198.

Conceding, as contended by the state, that petitioner was guilty of operating a public utility as a common carrier, as defined in section 7 of the act, without first having obtained a certificate as required by section 36½, we do not think he is charged with a crime, and for that reason deem it necessary to determine but one of the points urged upon us.

1, 2. Proceeding, then, upon the theory that petitioner is a common carrier, operating a public utility in the sense contemplated by section 7 of the act, we come directly to the question as to whether or not he is charged with a crime. This involves a consideration of sections 35 and 41 of the act. They read:

"SEC. 35. If any public utility shall violate any provision of this act or shall do any act prohibited, or shall fail or refuse to perform any duty enjoined upon it, or upon failure of any public utility to place in operation any rate or joint rate, or do any act herein prohibited, for which a penalty has not been provided, or shall fail, neglect, or refuse to obey any lawful requirement or order made by the commission or any court, for every such violation, failure, or refusal, such public utility shall be subject to the penalty prescribed in section 11 of this act."

"SEC. 41. Any violation of the provisions of this act, where no penalty or punishment is prescribed therefor, shall be punished by a fine of not less than five hundred

($500) dollars or more than one thousand ($1,000) dollars."

It will be seen that section 35 contemplates only the levying of a penalty when a public utility violates a provision of the statute, or does an act prohibited thereby, whereas section 41 makes such violation a gross misdemeanor. It is conceded by respondent that, but for section 41, the petitioner would not be guilty of a gross misdemeanor. Hence we are confronted with the necessity of deciding which of the two sections is applicable to the situation presented.

By the very argument made in behalf of the respondent, it is conceded that section 35 would cover the case and make petitioner liable for a penalty recoverable in a civil action, were it not for section 41. In other words, if section 41 were not incorporated in the act, petitioner would be liable for a penalty. It is said, however, that, in view of the fact that section 41 is subsequent in the order of arrangement, section 35 is ineffective, since, as it is claimed, the two sections are in conflict. Sections 11, 13, 15, 21, and 24 either prohibit or make compulsory the doing of certain things, and fix a penalty for the violation thereof. Section 36½, which petitioner is charged with violating, makes the failure to do certain things illegal, but fixes no penalty or punishment for noncompliance therewith. Section 35 provides that if a public utility violates "any provision" of the act, for which a penalty is not provided, the person guilty thereof shall be liable for a penalty, as provided in section 11. Section 41 provides that any violation of the provisions of the act, "where no penalty or punishment is provided therefor," shall be punished by a fine.

3, 4. In the determination of the point urged by the respondent, we must keep in mind the ancient rule that penal statutes are to be strictly construed, but that the intention of the legislature must govern in their construction. Ex Parte Rickey, 31 Nev. 82, 102, 100 Pac. 134, 135 Am. St. Rep. 651. Of course, if the language of a statute is unambiguous, or its intention clear, there

is no room for construction; but, where the intention of the legislature is in doubt, a penal statute must be construed strictly. Bearing in mind that section 35 fixes a penalty for the violation of section 36½, it must control, unless it is clearly the legislative intent that section 41 should apply to a violation of section 36½, instead of section 35. Before we can be justified in following the contention of respondent that section 41 nullifies section 35, so far as it might otherwise apply, we must ascertain if section 41 conflicts with section 35. Since section 41 expressly excepts from its provisions all violators of the act where a penalty is provided, it is not in conflict with section 35 in its application to section 36½, for the violation of which it provides a penalty.

5. In what cases it was the intention of the legislature that section 41 should apply is not clear. It is not our duty to arbitrarily fasten its provisions upon a situation, simply because of doubt as to the legislative intent. On the other hand, being a criminal provision, and doubt existing, it is our duty to so construe the statute as to exclude the idea that it was intended to apply to the situation in hand.

It is also contended that the history of the act in question, or at least section 35 thereof, is such as justifies the position of the respondent. We see nothing in the history of the act, as an entirety, upon which the least argument can be based to support that theory. Section 35 is substantially the same as a certain section incorporated in the railroad commission act (Rev. Laws, 4576) and in the public service commission act (Rev. Laws, 4542), and it may be that the section in question was taken from those statutes. But, if this be true, we do not think that there can be any basis for the contention made. At most, we could only be expected to adopt an interpretation put upon the section when construed as a part of the acts mentioned. The question before us is as to whether section 35 or section 41 applies to the case in hand, and not as to the interpretation to be

put upon the section itself.  We think the contention is without force.

Taking these views, it is unnecessary to consider the other points made, since it follows that the petitioner must be discharged.

It is ordered that the petitioner be discharged from the custody of the sheriff.