STATE Ex Rel. PITTSON *v.* BEEMER, County Clerk

No. 2847

December 13, 1928.　　　　　　　　　　272 P. 656.

*Edward F. Lunsford, Arthur F. Lasher,* and *Green & Lunsford,* for Relator:

*L. D. Summerfield,* District Attorney, and *Harlan L. Heward,* Assistant District Attorney, for Respondent:·

## OPINION

By the Court, CARVILLE, District Judge:

The matter involved in this proceeding comes before the court upon a petition for writ of mandamus by L. P. (Paddy) Pittson, as relator, to direct E. H. Beemer, county clerk of Washoe County, Nevada, as respondent, to cause to be printed upon the general election ballot, to be used at the general election on November 6, 1928, the name of relator as a candidate for the office of short-term county commissioner of said Washoe County.

Relator bases his petition upon the facts: That he possesses the necessary qualifications, statutory and constitutional; that he filed his nomination papers with respondent as required by law; that his name appeared upon the primary ballot at the primary election held in Reno, Washoe County, Nevada, as a candidate for nomination by the Republican party for said office of short-term county commissioner; that the name of James G. Peckham, seeking the nomination for the same office, at the hands of the same party, was also upon the ballot; that the Republican party was the only party that had candidates for said office, and there was no independent candidate for the office; that at said primary election James G. Peckham received 2,041 votes and relator received 741 votes, and that these were all the votes cast for said office at said primary election; that relator has done everything required of him by law in order to qualify for the office in the event of his election at the general election in November; that respondent, as such county clerk, has refused to issue a certificate of nomination, and states that he does not

intend to have relator's name printed on the official ballot for said general election as one of the candidates at said election for the office sought.

Respondent filed a demurrer to the petition, in which he admits the facts as set forth in said petition, but maintains that the same fails to state facts sufficient to constitute a cause of action, or to warrant the issuance of the writ prayed for.

Relator bases his right to the relief sought in his petition upon section 22 of the primary election law of the State of Nevada, as amended in the 1927 Session Laws of said state, pages 325 and 326, which reads as follows:

"Section 22. The party candidate who receives the highest vote at the primary shall be declared to be the nominee of his party for the November election. In the case of an office to which two or more candidates are to be elected at the November election, those party candidates equal in number to positions to be filled who receive the highest number of votes at the primary shall be declared the nominees of their party; *provided,* that if only one party shall have candidates for an office or offices for which there is no independent candidate, then the candidates of such party who receive the highest number of votes at such primary (not to exceed in number twice the number to be elected to such office or offices at the general election) shall be declared the nominees for said office or offices.

"In the case of a nonpartisan office to which only one person can be elected at the November election, the two candidates receiving the highest number of votes shall be declared to be the nonpartisan nominees; *provided, however,* that where but two candidates have filed for a nonpartisan office, to which only one person can be elected, the names of such candidates will be omitted from all the primary election ballots, and such candidates shall be declared to be the nonpartisan nominees for such office.

"In the case of a nonpartisan office to which two or more persons may be elected at the November election,

those candidates equal in number to twice the number of positions to be filled who receive the highest number of votes shall be declared to be the nonpartisan nominees for such office."

The question to be decided deals exclusively with the construction of the statute involved, and the intent of the legislature to be derived therefrom.

■ Respondent contends that the entire matter in controversy is governed and controlled by the first sentence in the enactment, which reads: "The party candidate who receives the highest vote at the primary shall be declared to be the nominee of his party for the November election."

With this contention the court cannot agree. The first sentence of the enactment, as viewed by the court, governs a situation where two or more political parties each has a nominee at the primary election for an office to be voted upon at the general election. Particularly is this true in view of the next sentence of the enactment, which provides that: "In the case of an office to which two or more candidates are to be elected at the November election, those party candidates equal in number to positions to be filled who receive the highest number of votes at the primary [election] shall be declared the nominees of their party."

The first sentence of the section under consideration is not a limitation upon the provisions of the second sentence in any sense of the word. Contained in and a part of the second sentence is the following proviso: "*Provided,* that if only one party shall have candidates for an office or offices for which there is no independent candidate, then the candidates of such party who received the highest number of votes at such primary (not to exceed in number twice the number to be elected to such office or offices at the general election) shall be declared the nominees for said office or offices." This proviso contained in the act governs a situation which is not covered by either the first sentence or that portion of the second sentence immediately preceding the proviso itself.

■ Where the language of a statute is plain, the intention of the legislature must be deduced from such language, and the court has no authority to look beyond it, or behind it, or to the proceedings of the legislative body to ascertain its meaning. Ex Parte Todd, 46 Nev. 214, 210 P. 131; Clover Valley Co. v. Lamb, 43 Nev. 375, 187 P. 723; Heywood v. Nye County, 36 Nev. 568, 137 P. 515; Ex Parte Rickey, 31 Nev. 82, 100 P. 134, 135 Am. St. Rep. 651; Ex Parte Pittman, 31 Nev. 43, 99 P. 700, 22 L. R. A. (N. S.) 266, 20 Ann. Cas. 1319.

Clearly to the court's mind, the legislature intended, as expressed in the act itself, that if there are nominees in each party for an office or offices to which one candidate is to be elected at a general election, or nominees in each party in which two or more candidates are to be elected at a general election, those party candidates in which one candidate is to be elected, or those party candidates equal in number to the positions to be filled who receive the highest number of votes at the primary election, shall be the party nominees.

Then follows the proviso to the effect that, if only one party shall have candidates for an office, and there shall be no independent candidate for that office, then the candidates receiving the highest number of votes at the primary (not to exceed in number twice the number to be elected to such office or offices at the general election) shall be declared to be the nominees for said office or offices. The act does not state that the candidates shall be the nominees of their party, but "shall be declared the nominees for said office or offices," which clearly indicates to the court's mind that, when a situation arises as set forth in the proviso, the offices to be filled are considered rather than the parties.

If we would disregard the first sentence of the act, we are still confronted with the other situation set forth in the second sentence, providing a mode of procedure for placing candidates' names upon the ballot, when there are two or more candidates to be elected for an office or offices at the general election.

■ The legislative intent is clear and unambiguous,

as collected from the words employed in the statute in question, and when this occurs the court is not permitted to search for its meaning beyond the statute itself, and the statute in question leaves no room for construction, other than the conclusion at which the court has arrived. There could be no substantial reason why the legislature should intend to limit its proviso to the nominées for an office or offices, where more than one candidate is to be elected, in preference to the office or offices where one candidate is to be elected.

■ 2. It is further contended by respondent that the proviso should be limited to the sentence in the act of which it is a part. The inquiry is: Does the proviso limit the sentence to which it is attached, or has it a wider application?

The rule in this regard is laid down in Sutherland, Statutory Construction, 296, as follows: "The natural and appropriate office of the proviso being to restrain or qualify some preceding matter, it should be confined to what precedes it, unless it clearly appears to have been intended for some other matter. It is to be construed in connection with the section of which it forms a part, and is substantially an exception. If it is a proviso to a particular section, it does not apply to others unless plainly intended. It should be construed with reference to the immediately preceding parts of the clause to which it is attached."

In the case of In Re McKay's Estate, 43 Nev. 114, 184 P. 305, this court had occasion to discuss this proposition of law, and the situation as disclosed from the construction of the statute in question in that case brought the proviso within the exception in the rule above stated.

In this case we are of the opinion that the clear legislative intent, as gained from the statute, confirms the theory that the proviso is an exception to, rather than in accordance with, the general rule, for it appears that the proviso was intended to cover a situation as might arise under the first sentence of the act in question, as well as a situation that might arise under the second

sentence, to which it is attached and of which it is a part.

In considering this question, we are not concerned with the last portion of the statute in question, applying to nonpartisan offices and candidates for such offices, which has no application to the question involved here.

We therefore conclude that the demurrer should be overruled, and a peremptory writ of mandamus issue as prayed for in the petition.

It is so ordered.

NOTE—SANDERS, C. J., being unable to participate in this decision, the Governor designated Hon. E. P. CARVILLE, District Judge, to sit in his stead.