RAYLAND SMITH, Petitioner, v. THE FIRST JUDICIAL DISTRICT COURT of the State of Nevada, in and for the County of Churchill, and HONORABLE RICHARD R. HANNA, Presiding Judge, Respondents.

No. 4255

December 14, 1959                         347 P.2d 526

*Diehl and Recanzone,* of Fallon, for Petitioner.

*Raymond Free,* District Attorney, Churchill County, for Respondents.

## OPINION

By the Court, BADT, J.:

Petitioner seeks a writ of prohibition to prohibit the respondent court and judge from trying him on a charge of first degree burglary. We agree with his contention that the act charged in the information is not within the statutory definition of the felony.

NRS 205.060 defines burglary as follows: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semi-trailer or housetrailer, or railroad car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary." The statute then defines burglary of the first degree as that committed in the nighttime, and fixes the punishment as imprisonment for not less than one nor more than 15 years.

NRS 193.010 (8) gives the following definition: " 'Enter,' when constituting an element or part of a crime, shall include the entrance of the offender, or the insertion of any part of his body, * * *."

The information charged that the defendant did "wilfully, intentionally, feloniously, and burglariously, enter, in the night time, the open portion of a certain motor vehicle, to wit: a 1956 Ford pickup * * * with the intent then and there to commit larceny." It is conceded by respondents that their construction of the language

used in the information, "the open portion of a * * * pickup," would include a platform body.

If the intention of the legislature is in doubt as to defining as burglary the defendant's act as charged in the information, the legislative act must be strictly construed. Ex Parte 'Todd, 46 Nev. 214, 210 P. 131; Ex Parte Smith, 33 Nev. 466, 111 P. 930.

Under a similar statute making the entry of a railroad car burglary, a defendant was charged in the State of Washington with entering a railroad flatcar loaded with sacks of wheat entirely covered by a heavy canvas tarpaulin securely fastened at the sides and ends of the car to form a roof and sides. The Supreme Court of Washington affirmed the lower court's order sustaining a demurrer to the information. State v. Petit, 32 Wash. 129, 72 P. 1021, 1022. The court first defined the question presented to it as: "[I]s the car * * * described in the information a railroad car, such as was within legislative contemplation * * *?" In precisely the same manner the question before us is: Is the open portion of a pickup (which may even include a platform body) within the statutory contemplation of a "vehicle." The Washington court said: "These cars, it seems to us, do not come within the definition [of burglary] given by the statute, which evidently had relation to box cars, or some kind of a car that is inclosed so that an entry can be made. Under the ordinary understanding of the words 'break and enter' it is difficult to see how a person could break and enter a flat car loaded with wheat upon which a canvas is laid."

The court explained this conclusion as follows: "The common-law definition of burglary is breaking and entering the dwelling house of another in the nighttime with intent to commit a felony. It is not true, we think, that by codific evolution the species has been entirely lost. While there has been an enlargement of the definition, the central idea which has obtained for hundreds of years, viz., the unlawful breaking and entering of some kind of an inclosed structure, has been retained, the

statute finally dropping the element of breaking when the structure was unlawfully entered in the nighttime; and we do not think that it was the legislative intent to confuse the crimes of burglary and larceny, or substitute one definition for the other. It is no doubt true that the Legislature has the power to denominate any kind of larceny, or, for that matter, any other crime, burglary; but in legislating on crimes the definitions of which have been so well and commonly understood as the crimes of burglary and larceny, the substitution will not be presumed unless the intention is manifest—as it is not in this case."

The case is directly in point and we approve its reasoning. In accord are State v. Duran, 127 Mont. 233, 259 P.2d 1051 (under statute making an "automobile" the subject of burglary, held it was not the legislative intent to include "trucks," where defendant was charged with entering the cab thereof by opening a door) ; Gibbs v. Mayo, Fla., 81 S.2d 739 (in which it was held that breaking and entering a motor vehicle was not within statutory offense of breaking and entering an automobile) ; State v. Puckett, 95 S.C. 114, 78 S.E. 737, 46 L.R.A., N.S., 999 (in which entry of porch attached to house, the porch being protected by a balustrade and low picket gates to keep out dogs and chickens, was held not within statute defining burglary) ; People v. Gibbons, 206 Cal. 112, 273 P. 32 (in which entry of a bin having three sides and a roof, was held not within statute). But see People v. Silver, 16 Cal.2d 714, 108 P.2d 4, holding contra to the California District Court of Appeal in the same case, 102 P.2d 763, which had cited People v. Gibbons, supra. The California Supreme Court did not, however, reject People v. Gibbons. The disposition of courts to construe strictly their burglary statutes which deviate from the common law appears to be clearly evident. We are compelled to reject respondents' contention that to hold one's hand over the platform body of a truck with intent to commit larceny is the entry of a vehicle.

As the information does not charge the defendant

with the commission of a felony, respondents are without jurisdiction to proceed to try him on that charge. Houser v. District Court, 75 Nev. 465, 345 P.2d 766.

Let the writ of prohibition issue.

MCNAMEE, C. J., and PIKE, J., concur.