415 So.2d 829 (1982)
Freddie ANDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1966.
District Court of Appeal of Florida, Third District.
June 22, 1982.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Diane Zimmer Leeds, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The defendant appeals his adjudication of burglary pursuant to Section 810.02, Florida Statutes (1979).
*830 Policemen had observed the defendant for at least one minute's interval with his head, shoulders, and forearms inside the engine compartment of a hoodless Mustang in an automotive repair shop. One of the officers actually observed the defendant take the radiator from the engine compartment of the vehicle. Investigating officers later determined that the components of a radiator and an air filter, which were missing from the engine, were in fact those removed by the defendant.
The statute under which the defendant was convicted provides, in pertinent part:
(1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, ...
The trial judge found that the defendant's actions violated that portion of the statute which punishes one for "remaining in a conveyance." We affirm.[1] The fact that only a portion of the defendant's body remained in the compartment or that it only remained there for a minute or two does not eradicate the defendant's guilt. His intrusion plainly violated the possessory intent of the vehicle's owner. See State v. Hankins, 376 So.2d 285 (Fla. 5th DCA 1979).
Affirmed.
NOTES
[1] The conviction may also be affirmed on the basis that there was an "entry" into the engine. Unlike the acts in R.E.S. v. State, 396 So.2d 1219 (Fla. 1st DCA 1981) (siphoning gasoline) and State v. Hankins, 376 So.2d 285 (Fla. 5th DCA 1979) (removal of hubcaps), the defendant here, removed something from inside of the conveyance even though he did not lift the hood to do so. This case is similar to State v. Harvey, 403 So.2d 630 (Fla.2d DCA 1981) where the defendant was found underneath the car loosening a bolt in an attempt to remove the starter. Furthermore, there is no distinction, for purposes of the burglary statute, between entering the passenger compartment and entering the engine. Bragg v. State, 371 So.2d 1082 (Fla. 4th DCA 1979).