UPCHURCH, Judge,
dissenting.
I respectfully dissent. The only question presented in this appeal is whether appellant, Owen Zipperer, “entered a conveyance” when he removed items from the open bed of a pickup truck. Zipperer was found guilty of petit theft[1] for helping himself to a cooler of beer and of burglary of a conveyance[2] for reaching over the side of the pickup truck to take the cooler.
Zipperer filed a motion for judgment of acquittal on grounds there could be no entry, as required for the crime of burglary, when the stolen items were removed from an open truck bed. The trial court denied this motion by finding that the bed and sidewalls of a pickup truck are an area that can be entered.
*992 The common law crime of burglary has undergone considerable metamorphosis. At common law, six specific elements were necessary: 1) a breaking; 2) and entering; 3) a dwelling house; 4) of another; 5) in the nighttime; 6) with intent to commit a felony therein. W. LaFave and A. Scott, Handbook on Criminal Law, § 96 (1972). The existing Florida statute, under which Zipperer was convicted, defines the crime as:
“Burglary” means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
§ 810.02(1), Fla.Stat. (1983). A conveyance is currently defined as “any motor vehicle, ship, vessel, railroad car, trailer, aircraft or sleeping car and ‘to enter a conveyance’ includes taking apart any portion of the conveyance.” § 810.011(3), Fla.Stat. (1983). The elements of breaking and in the nighttime have been eliminated. The dwelling house requirement has evolved to include a structure or a conveyance and a felony has become an offense.
Despite these changes, the current definition has not abolished the traditional entry requirement. In this instance, the property taken was on the open floor of the pickup loadbed, an area enclosed only to the extent of the sides. Even though the question of whether an entry occurs when items are removed from an open truck bed has not been directly decided in Florida, several decisions have addressed entry in regards to other portions of automobiles. This court has ruled that removing hubcaps from an automobile did not satisfy the requirement of entering a conveyance. State v. Hankins, 376 So.2d 285 (Fla. 5th DCA 1979). The First District held that no entry occurred when a person siphoned gasoline from an automobile gas tank. R.E.S. v. State, 396 So.2d 1219 (Fla. 1st DCA 1981). On the other hand, courts have held that an entry exists when the defendant removed a radiator from a hoodless engine compartment, Anderson v. State, 415 So.2d 829 (Fla. 3d DCA 1982); and where the defendant was found underneath an automobile removing a starter, State v. Harvey, 403 So.2d 630 (Fla. 2d DCA 1981). These last two decisions are distinguishable from the instant case because, as noted in Anderson, the act of reaching into the engine compartment to take an engine part involves removing something from inside a conveyance even though the defendant did not lift the hood to do so. In Bragg v. State, 371 So.2d 1082 (Fla. 4th DCA 1979), the court found there was an entry where the defendant opened the car’s hood and removed the battery. In Greger v. State, 458 So.2d 858 (Fla. 3d DCA 1984), an entry was found when the defendant removed the cowling and bolts from a outboard motor attached to a boat. The entry in Gre-ger was based on defendant’s taking apart a portion of the conveyance. In the instant case the stolen items were not attached to the bed and were not enclosed in a compartment of the vehicle.
The purpose of my dissent is not to minimize Zipperer’s crime but to emphasize there was no entry. Zipperer wrongfully took this property, it was not his and he should be punished. However, I cannot see why stealing from the bed of a pickup truck is anymore reprehensible than taking the same property if resting on the fender, the roof, or the ground beside the truck, because in each situation there is no penetration of an enclosed area.
If a person steals a pipe, one end of which is resting on the bed of the pickup with the other protruding over the back, he commits only theft because he has not made an entry. On the other hand, if the majority is correct, and a person steals a shorter piece of pipe (presumably of less value because it is shorter) lying flat on the bed of the truck he has committed two crimes, burglary and theft. Additionally, if Zipperer had driven off in the truck with the cooler of beer resting on the open bed, he could only have been found guilty of grand theft under section 812.014(2)(b)(4), Florida Statutes (1983), also a third degree felony. Consider a man who steals a truck with tools worth more than $100 in it. *993 Based on the trial court’s reasoning, he can be convicted of a single third degree felony, but if he only takes the tools from the bed and leaves the truck, he can be convicted of two third degree felonies, burglary and grand theft, an illogical result without purpose.
Since burglary does not require a taking, only an intent to commit an offense therein, then under the majority’s view, anyone who reaches into the open space above the pickup loadbed intending to steal has committed burglary. Other than enabling a prosecutor to obtain an easy plea bargain, I cannot see that this type of criminal act justifies punishment under two separate statutes.
I would hold that to be an entry there must be some penetration of an enclosure which is part of the structure or conveyance.

. § 812.014(2)(c), Fla.Stat. (1983). Although Zipperer was charged with grand theft under § 812.014(2)(b), Fla.Stat. (1983) for removing tools, beer and sporting equipment from the truck, the jury only found him guilty of petit theft. The tools and sporting gear had been recovered by the time the police arrived on the scene.

. § 810.02, Fla.Stat. (1983).