671 So.2d 228 (1996)
Brian F. BRASWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1343.
District Court of Appeal of Florida, First District.
April 8, 1996.
*229 Nancy A. Daniels, Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, William J. Bakstran, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, Judge.
Appellant, Brian Braswell, appeals his conviction for burglary of a conveyance. In this case of first impression in Florida, Braswell contends that burglary of a conveyance cannot be established by proof that he removed personal property from the open bed of a pickup truck. We disagree and therefore affirm.
Section 810.02(1), Florida Statutes (1993), defines burglary as "entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." "Conveyance" means any motor vehicle. § 810.011(3), Fla.Stat. (Supp. 1994). It is undisputed that Braswell stole the property, a cooler, from the bed of the truck. The owner of the truck testified that the cooler was strapped down, and he believed he had fastened it with bungee cords. A witness saw Braswell pop a bungee cord off the cooler while taking it, but another witness said it did not appear that the cooler had been secured.
We have found no Florida case which is directly on point; rather cases relating to burglaries of conveyances have been decided on whether an entry occurred. For example, in R.E.S. v. State, 396 So.2d 1219 (Fla. 1st DCA 1981), this court concluded that siphoning gasoline from an automobile did not constitute burglary of a conveyance, because there was no entry. In State v. Hankins, 376 So.2d 285 (Fla. 5th DCA 1979), the court determined that stealing hubcaps did not establish burglary of a conveyance, because there was no entry. In contrast, the Third District in Anderson v. State, 415 So.2d 829 (Fla. 3d DCA 1982), held that lifting a radiator from an engine compartment of a vehicle lacking a hood did constitute burglary of a conveyance, because the statute requires entry of only a portion of the defendant's body into the vehicle. Similarly, in State v. Harvey, 403 So.2d 630 (Fla. 2d DCA 1981), the court concluded that taking a starter by entering the engine compartment through the underside of the car was sufficient proof of entry.
It appears that courts in only six other jurisdictions have reported decisions on this issue. Of those, the courts in five have held that a defendant can be convicted of burglary of a conveyance by taking property from the open bed of a pickup truck. The statute in each of these jurisdictions requires, as does Florida's, proof of entry into the vehicle with intent to commit a felony. People v. Romero, 179 Colo. 159, 499 P.2d 604 (1972) (en banc); People v. Frey, 126 Ill.App.3d 484, 81 Ill.Dec. 602, 467 N.E.2d 302 (1984); State v. Rodriguez, 101 N.M. 192, 679 P.2d 1290, cert. denied, 101 N.M. 189, 679 P.2d 1287 (1984); State v. Cloud, 324 N.W.2d 287 (S.D.1982); Richardson v. State, 888 S.W.2d 822 (Tex. Crim.App.1994) (en banc). Contra Smith v. First Judicial Dist. Court, 75 Nev. 526, 347 P.2d 526 (1959). It is possible, however, to distinguish the statutes in three of the jurisdictions which have upheld convictions Frey, Cloud and Richardsonbecause their provisions prohibit entry into a vehicle, "or any part thereof," terms which are not included in Florida's burglary statute.
Even though section 810.02(1) does not include the language quoted above, we do not consider the absence of same a significant distinction from the South Dakota, Texas and Illinois statutes involved. Affirmance, moreover, is consistent with Florida decisional law, which, in its interpretation of Florida's burglary statute, recognizes that entry of only a portion of a defendant's body into a conveyance is sufficient proof of burglary. Reaching into the back bed of a pickup truck to remove a secured cooler is, in our judgment, properly considered a partial entry *230 into the vehicle by the defendant and is more analogous to removing a radiator or starter from an engine compartment than taking a hubcap from a tire's exterior or siphoning gas from a gas tank, neither of which involves entry by any part of one's body into a vehicle.
AFFIRMED.
MINER and WEBSTER, JJ., concur.