797 So.2d 1276 (2001)
Frank BARTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2981.
District Court of Appeal of Florida, Fourth District.
October 31, 2001.
*1277 Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez Orosa, Assistant Attorney General, West Palm Beach, for Appellee.
POLEN, C.J.
Frank Barton timely appeals after a jury convicted him of burglary of a conveyance with intent to commit theft, and grand theft of a bicycle. He argues, among other matters, that there was no competent substantial evidence to support he burglarized a conveyance. We disagree and affirm.
Police, engaged in a decoy vehicle operation, placed a mountain bike, estimated at $450 and belonging to the police department, in the bed of a pickup truck which they parked on a street near a bus station. The handlebars of the bike were sticking out of the truck. Police then observed Barton, carrying a beer, approach the truck, walk past it, and then return to it. Barton then "reached in over the top of the side rails of the bed of the truck, grabbed the bike by the frame, lifted it up out of the truck and set it down," and then began to walk away with it. Police thereafter arrested him.
Barton was convicted as charged. He was sentenced as an habitual felony offender to ten-year concurrent terms in prison. This appeal followed.
Section 810.02(1), Florida Statutes (2001), defines burglary as "entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain."[1] In Braswell v. State, 671 So.2d 228 (Fla. 1st DCA), review denied, 679 So.2d 773 (Fla.1996), the first district interpreted "conveyance" to include the bed of a pickup truck in certain situations:
Reaching into the back bed of a pickup truck to remove a secured cooler is, in our judgment, properly considered a partial entry into the vehicle by the defendant and is more analogous to removing a radiator or starter from an engine compartment than taking a hubcap from a tire's exterior or siphoning gas from a gas tank, neither of which involves entry by any part of one's body into a vehicle.
Id. at 229-30.
Barton, however, contends that the more recent supreme court case of Drew v. State, 773 So.2d 46 (Fla.2000), is controlling. In that case, the court held that the sole act of removing hubcaps or tires from a motor vehicle does not constitute a burglary. See id. at 46. However, the court, in reaching its decision, did not find conflict with the Braswell opinion. The court explained, "Similarly, in Braswell, defendant's sticking his hand into the bed of the pickup truck (entry) may be distinguished from the removal of the object (the crime intended to be committed)." Id. at 52. It concluded that "the removal of a portion of the conveyance must be to facilitate the commission of an offense within the conveyance... [and] not seek to punish as burglary conduct which should be treated as larceny." Id. at 52 (citation omitted).
As Drew and Braswell both support, "a proper analysis of the offense of burglary must focus both on the act constituting the entry and the intent to commit an offense therein." Drew, 773 So.2d at *1278 52. Under this logic, we hold there was competent substantial evidence to support that Barton committed a burglary of a conveyance. He did not just take an unsecured bike off an open bed; rather, he crossed and entered an invisible plane by reaching in over the top of the side rails of the bed of the truck, grabbing the bike, and then lifting it up out of the truck. These unique facts illustrate that Barton entered the vehicle with the intent to remove the bike inside. Thus, we affirm.
As to the other issues raised in this appeal, we affirm as unpersuasive.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] "Conveyance" includes any motor vehicle. § 810.011(3), Fla. Stat. (2001).