Opinion of the Court—Coleman, J.

[No. 2501]

# THE STATE OF NEVADA, RESPONDENT, *v.* A. CERFOGLIO, APPELLANT.

[201 Pac. 322]

1. CRIMINAL LAW—IN ABSENCE OF BILL OF EXCEPTIONS CONTAINING EVIDENCE, INSTRUCTIONS PRESUMED APPLICABLE.

> In view of Stats. 1919, c. 232, sec. 73, requiring the incorporation of the evidence in a criminal case in a duly settled bill of exceptions, instructions complained of will not be considered in the absence of such bill, though themselves a part of the record; it being presumed they were applicable to the proof.

2. CRIMINAL LAW—JUDGMENT NOT REVERSED FOR MISDIRECTION OF JURY IN ABSENCE OF BILL OF EXCEPTIONS.

> Since no judgment will be reversed for misdirection of the jury unless it appears, after an examination of the entire case, that the error resulted in a miscarriage of justice, a judgment will not be reversed on such ground, in the absence of a bill of exceptions containing the evidence; an examination of the entire case being impossible.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

A. Cerfoglio was convicted of perjury, and he appeals. **Affirmed.**

*Frame, Morgan & Raffetto* and *M. B. Moore,* for Appellant.

*L. B. Fowler,* Attorney-General; *Robert Richards,* Deputy Attorney-General, and *L. D. Summerfield,* for Respondent.

By the Court, COLEMAN, J.:

Appellant was convicted upon a charge of perjury. Six grounds for reversal are urged—one that the court erred in giving instructions, and the others based upon alleged erroneous rulings on objections to the admission of tendered evidence.

1, 2. Section 73, c. 232, Stats. 1919, pp. 431, 432, provides what shall constitute the record on appeal in a criminal case. Pursuant thereto, the only way by which the evidence in the case can become a part of the record is to have it incorporated in a duly settled bill

of exceptions. There is no bill of exceptions; hence there is nothing before the court for its consideration. True it is that the instructions complained of are a part of the record proper, but so far as appears they may have been given at the request of appellant. In view of the fact that there is no bill of exceptions before us, we must presume that the instructions were applicable to the proof. State v. Keith, 9 Nev. 16. Furthermore, as stated in State v. Willberg, 45 Nev. 183, 200 Pac. 475, no judgment will be reversed for a misdirection of the jury unless it appears, after an examination of the entire case, that the error complained of resulted in a miscarriage of justice. In the absence of a bill of exceptions, there can be no examination of the entire case.

The judgment is affirmed.