PAUL TOMLIN AND HOLLIS QUEEN, APPELLANTS,
v. THE STATE OF NEVADA, RESPONDENT.

No. 4907

November 24, 1965                    407 P.2d 1020

[Rehearing denied December 21, 1965]

*Harry Busscher*, of Reno, for Appellants.

*Harvey Dickerson*, Attorney General, *William J. Raggio*, District Attorney, and *R. Gaynor Berry*, Deputy District Attorney, Washoe County, for Respondent.

# OPINION

By the Court, ZENOFF, D. J.:

The appellants, Paul Tomlin and Hollis Queen, were charged by Grand Jury indictment on October 14, 1964,

with burglary in the first degree. A third person, Charles Eugene Hayter, was included in the indictment. The appellants entered pleas of not guilty to the charge of burglary and sought a motion for severance from defendant Charles Eugene Hayter upon the grounds that (1) they desired to call him as a witness, and (2) they would be prejudiced by the fact that Hayter had been convicted of manslaughter and was presently serving a sentence in the Nevada State Penitentiary. This motion was not granted. However, Hayter entered a plea of guilty prior to the commencement of the trial of appellants, thereby bringing about an automatic severance.

Trial was commenced on April 12, 1965. The appellants presented no evidence and did not take the stand. They were found guilty of burglary in the first degree on April 20, 1965. Motions by the appellants for a new trial were denied and a sentence of one to fifteen years in the State Prison was pronounced. It is from this judgment that appellants seek relief.

1. As their first ground for appeal, appellants claim that the trial court committed reversible error in denying their motion for severance. This contention is without merit since Hayter's change of plea to guilty constituted an automatic severance, and made this point moot. Further, since Hayter testified favorably to appellants at their trial, they can scarcely claim prejudice.

2. Another question is presented to this court as to the conduct, during the course of the trial, of the Deputy District Attorney. During the trial, Hayter was called as a witness for the State and he testified that the appellants had nothing to do with the burglary, that he had acted alone. The Deputy District Attorney, expressing surprise in that Hayter's testimony as to the burglary was the exact opposite of that related to him prior to the trial, asked the court to declare Hayter a hostile witness and to allow cross-examination of him. The trial court granted this request. Appellants claim this was error.

In United States v. Graham, 102 F.2d 436 (2nd Cir. 1939), it was held that an assurance by a prosecutor to a court that he was surprised by a witness' testimony was enough to authorize the court to exercise its discretion to permit the witness to be cross-examined. The particular latitude to be allowed an attorney in the cross-examination of one of his own witnesses, when surprise is found, is within the discretion of the trial court. Wheeler v. United States, 211 F.2d 19 (D.C. Cir. 1953) ; Ellis v. United States, 138 F.2d 612 (8th Cir. 1943).

Later, the Deputy District Attorney took the witness stand himself and testified as to the statements that Hayter had previously made to him, which implicated the appellants in the burglary—its planning, execution, and proceeds. The Deputy District Attorney continued with the prosecution of the case, informing the court that no other prosecutor was available and that no one else knew the facts in the case. No comment was made by the prosecutor, upon summation to the jury, as to his own testimony. The court gave an instruction to the jury to the effect that the District Attorney could not comment on his own testimony, but the jury could consider it "with all other credible evidence."

The law is clear that a prosecutor is competent to testify and he may even be compelled to do so. Robertson v. Commonwealth, 269 Ky. 317, 107 S.W.2d 292 (1937) ; Robinson v. United States, 32 F.2d 505 (8th Cir. 1928) ; United States v. Alu, 246 F.2d 29 (2nd Cir. 1957). However, this is strictly limited to those instances where his testimony is made necessary by the peculiar and unusual circumstances of the case. Even then, his functions as a prosecuting attorney and as a witness should be disassociated. If he is aware, prior to the trial, that he will be a necessary witness, or, if he discovers this fact in the course of the trial, he should withdraw and have other counsel prosecute the case. Robinson v. United States, supra.

The Deputy District Attorney represented to the trial court that he was the only deputy in the office of the District Attorney who had had anything to do with the preparation of the case, that the volume of business handled by the District Attorney was so great that no other deputies could be spared to assist him, and that the number of witnesses to be called, approximately 15, precluded the appointment of another deputy. The better practice would have been for the prosecuting attorney to have stepped out of the case when it became necessary for him to testify. However, this was not reasonable under the unusual circumstances of this case. The practice of acting as prosecutor and witness is not approved and should not be indulged in except under most extraordinary circumstances. However, the surprise testimony of Hayter and the inability of the Deputy District Attorney to locate another prosecutor to take his place left the court with little choice.

We find that the trial court properly exercised its discretion in allowing the Deputy District Attorney to continue with the prosecution under the unusual cirstances of this particular case.

3. During the course of the trial, one of the secretaries in the District Attorney's office received a communication from a juror, who apparently wanted to contact a member of the District Attorney's staff to inform him that she was acquainted with one of the prospective witnesses with whom she had worked. She had not recognized the name prior to that time. She spoke with no member of the District Attorney's staff except the aforementioned secretary. The court was immediately informed of the incident and proceeded to question the juror as to whether or not she would be influenced by the fact that she had known one of the witnesses for the State. The court secured assurances from the juror as to her impartiality. Appellants claim that the court erred in permitting the juror to continue to serve.

If private communication with a juror in a criminal case during a trial on any subject connected with the trial is deemed presumptively prejudicial, Parsons v. State, 74 Nev. 302, 329 P.2d 1070 (1958), then the role of the court is to "determine whether the evidence presented during its investigation and hearing independent of but during the main trial was sufficient to rebut any presumption of prejudice." Conforte v. State, 77 Nev. 269, 362 P.2d 274, 277 (1961). The determination of the trial court in this instance was that the evidence clearly indicated that there was no prejudice to the appellants. This determination is supported by substantial evidence and will not be disturbed.

4. During the trial, another juror informed the court that he had been approached by one of the appellants and offered a bribe. None of the other jurors knew of the reported incident. The court investigated the matter, out of the presence of the jury, and came to the conclusion that that juror should be excused and that an alternate juror should take his place. We hold this ruling was proper and that there was no abuse of discretion on the part of the district court.

5. Appellants next contend that reversible error was committed in giving Instruction 14, which had been offered by appellant's counsel without the accompaniment of the explanatory instructions. Instruction 14 stated, "In accordance with the right guaranteed by the Constitution of the State of Nevada no person can be compelled in a criminal action to be a witness against himself." Appellants sought to have two more comprehensive instructions on the same subject. These were repetitive and merely restated the law under NRS 169.180.[1]

---

[1] NRS 169.180 states: "No person can be compelled in a criminal action to be a witness against himself, * * *."

The instruction which was given was succinct and adequately and sufficiently advised the jury on the point in question. Therefore, we fail to find error here.

6. We find that appellants' other assignments of error are without merit and fail to show any action by the lower court which would constitute reversible error.

We affirm the judgment entered below.

THOMPSON and BADT, JJ., concur.