MICHAEL LANE ELSBURY, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 7071

January 31, 1974 518 P.2d 599

*Rodlin Goff,* State Public Defender, and *Gary A. Sheerin,* Deputy State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert C. Manley,* District Attorney, and *Gregory D. Corn,* Deputy District Attorney, Elko County, for Respondent.

## O P I N I O N

By the Court, BATJER, J.:

Two grand jury indictments returned against the appellant on December 16, 1971 were consolidated for trial. One indictment charged the appellant with willfully and unlawfully selling a proscribed narcotic, hashish, to Harvey L. Olson on November 4, 1971.[1] The other indictment charged the same offense for a sale to Ralph Henry Clay, Jr., on November 8, 1971.

Appellant was found guilty on both charges and sentenced to a term of four years in prison.

In asking this court to overturn his conviction, appellant's only contention is that the trial court committed reversible

---

[1]On the dates involved hashish was classified as a proscribed narcotic. Since January 1, 1972, hashish has been classified as a controlled substance. NRS 453.096, NRS 453.161(4)(j), and NRS 453.336. See Stats. of Nev. 1971, ch. 667, p. 1999 et seq.

error when it permitted the prosecution to present evidence that on November 19, 1971, Clay purchased contraband from another party at appellant's abode.

At trial, appellant testified that Olson was present at both of the sales for which he was charged, that he knew Olson as a violent and dangerous person, and that he feared him and made the sales only under the duress of Olson's presence.

The challenged evidence was offered in rebuttal by the prosecution. They proposed to call Clay to testify that, on a subsequent occasion, he and Olson had gone to appellant's house seeking to buy some hashish. The appellant was there, and Clay asked him if he had any more of that particular contraband. Appellant turned to a companion and asked: "Do you have any of that stuff on you?" Thereafter, his companion transacted a sale of a quantity of hashish to Clay.

The lower court, prior to admitting this evidence, excused the jury from the courtroom, heard the testimony, and then ruled that the evidence would be admitted for the limited purpose of showing intent and knowledge as an exception to NRS 48.045(2). Upon conclusion of Clay's challenged testimony the trial court instructed the jury that the evidence was being admitted for the limited purpose of showing intent or knowledge relating to the two sales for which appellant had been indicted.

Evidence of other crimes, wrongs or acts are generally not admissible to prove the character of a person. NRS 48.045(2).[2]

Nevertheless, such evidence may be introduced to show motives, State v. Cerfoglio, 46 Nev. 331, 201 P. 322 (1923); intent, Fernandez v. State, 81 Nev. 276, 402 P.2d 38 (1965); identity, Nester v. State of Nevada, 75 Nev. 41, 334 P.2d 524 (1959); or a common scheme or plan, Fairman v. State, 83 Nev. 137, 425 P.2d 342 (1967). "[W]here the charge is a narcotic offense, other prior similar offenses may sometimes be received to show the defendant's knowledge of the narcotic nature of the substance sold." Lindsay v. State, 87 Nev. 1, 478 P.2d 1022 (1971).

Although the determination of whether to admit or exclude

---

[2]NRS 48.045(2): "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

evidence of separate and independent criminal acts rests within the sound discretion of the trial court, it is, nevertheless, the duty of that court to strike a proper balance between the probative value of the evidence and its prejudicial dangers. Brown v. State, 81 Nev. 397, 404 P.2d 428 (1965); State v. Nystedt, 79 Nev. 24, 377 P.2d 929 (1963); Nester v. State of Nevada, supra.

At trial, appellant testified that he had sold hashish to Olson and Clay on the alleged dates.[3] Nowhere in the record does he contend that he did not know the narcotic nature of the substance sold. In Dougherty v. State, 86 Nev. 507, 509, 471 P.2d 212, 213 (1970), this court said: "We perceive no harm in the requirement that the state prove, as an element of the offense, the defendant's knowledge of the narcotic character of marijuana. This does not inevitably require proof of other offenses. In those cases where such proof is not needed, the trial court, in its discretion, should rule out that evidence since its prejudicial effect would outweigh probative value."

Since appellant admitted the charged sales, additional evidence was not needed to prove that he knew the narcotic nature of the substance sold or that he intended to commit the criminal act.[4] Furthermore, it is the general rule that evidence of other crimes, committed by other persons, is not admissible. Conforte v. State, 77 Nev. 269, 362 P.2d 274 (1961);

[3]In response to a direct question by his attorney concerning the sale of hashish on November 4, 1971, the appellant testified:

"Mr. Olson asked me if I would sell him a gram of hash and I figures the only way to get rid of him and get him out of my house besides telling him to go, because that might create some ill feelings with him, I just sold him a gram. I sold him a gram to get him out of my house."

In response to a direct question by his attorney concerning the sale of hashish on November 8, 1971, the appellant testified:

"Well I told him no. Then Olson told me that this friend of his, he didn't use his name of Ralph Clay, he said this friend came all the way up from Las Vegas and he was in town visiting Harvey that night and he wanted to get stoned. And so I told him, it was sort of a sob story, you know, a friend coming all the way up, and I told him, to try to get rid of them, to try to get them out of my house. I told him that I would sell it to them for $10.00 a gram, which was an outrageous price and hoping that they might leave. And Olson said 'Well Five sounds like a more reasonable price.' And so I said, 'Sure, ok, Five.' And I had 3 grams on my possession and I told him I would give him 3 for Fifteen Dollars."

[4]Cf. the Glosen v. Sheriff cases, 85 Nev. 145, 451 P.2d 841 (1969), and 85 Nev. 166, 451 P.2d 843 (1969), where the accused represented that he was selling contraband.

Cranford v. State, 76 Nev. 113, 349 P.2d 1051 (1960); State v. Helm, 66 Nev. 286, 209 P.2d 187 (1949).

Although the trial court erred in admitting the rebuttal testimony of Clay, a review of the record reveals very substantial evidence of the appellant's guilt. Had the error not been committed it is apparent that the same result would have been reached. See NRS 178.598.[5]

The judgment is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZEN-OFF, JJ., concur.

---

[5]NRS 178.598: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."