MICHAEL FREDERICK LINGO, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 10214

September 28, 1978                                    584 P.2d 681

*Morgan D. Harris,* Public Defender, and *Herbert F. Ahlswede,* Deputy, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Gerald D. Waite,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury found Michael Frederick Lingo, the appellant, guilty of robbery with the use of a deadly weapon. (NRS 200.380, 193.165). After a separate hearing, he was sentenced to life with possibility of parole under the habitual criminal statute, (NRS 207.010).

Appellant seeks reversal of his judgment of conviction on the grounds (1) that the trial court erred in denying his motions for mistrial and (2) that he was given an inadequate notice by the State of its intention to proceed under the habitual criminal statute. We have reviewed the record and find appellant's contention meritless. Therefore, we affirm.

1. *The Mistrial.*

On the day following the robbery, the appellant was noticed by a gas station attendant sitting on a rock near the station. The attendant became suspicious and called the police. A pistol was found in his possession and appellant was arrested for carrying a concealed weapon. The prosecutor as well as the arresting officer made reference to this fact. Appellant predicated his motions for a mistrial on these statements, which the trial court rejected. Appellant concedes that it was not error to admit the testimony of the arresting officer that appellant was carrying a concealed weapon at the time of his arrest, but only that it was impermissible to permit this officer to testify that this fact was the basis for his arrest. After each such reference, the trial court admonished the jury that they were to disregard such statements, and consider only the charge of robbery with use of a deadly weapon. In light of the curative action taken by the trial court, and the state of the evidence against appellant,[1] we find that the trial court was justified in denying appellant's motions for mistrial. Elsbury v. State, 90 Nev. 50, 518 P.2d 599 (1974); Hamlet v. State, 84 Nev. 699, 447 P.2d 492 (1968); State v. Varga, 66 Nev. 102, 124, 205 P.2d 803 (1949).

---

[1] At trial, the victim identified appellant as the individual who had engaged him in three separate conversations and then robbed him, at gun point, of a

## 2. *Notice of the State's Intention to Urge Sentencing of Appellant under the Habitual Criminal Statute.*

By an amended information, the State gave notice of its intent to impose punishment pursuant to the habitual criminal statute (NRS 207.010(2)) if appellant were found guilty on the primary offenses of robbery with use of a deadly weapon and carrying a concealed weapon. Four specific prior convictions were listed by crime, date, place and case number. See NRS 207.010(5). Shortly before trial, a defense motion for severance of the concealed weapon charge was granted, without objection from the prosecution.

Appellant contends that he was without sufficient notice of the State's intention to urge sentencing under the habitual criminal statute upon his conviction of robbery with use of a deadly weapon. This contention is belied by the record. At the sentencing hearing, the State announced its intention to present evidence, pursuant to its notice, demonstrating that appellant should be so sentenced. Counsel for appellant responded: "Your Honor, I am aware that the State was going to proceed this way, Your Honor, and I have no objection to the proceeding." The record of the subsequent proceedings confirms that counsel for appellant was well prepared to challenge the presentation of the State's evidence. There is, in short, no basis in the record for appellant's contention that he was denied procedural due process, and we reject this assignment of error as meritless. NRS 177.255; 178.598. *See* Baymon v. State, 94 Nev. 370, 580 P.2d 943 (1978).

The judgment of conviction and sentence are affirmed.

---

number of personal items and a small amount of cash. The victim further identified as his own, on the basis of various distinguishing features, several items of personal property which had been confiscated from appellant at the time of his arrest. The victim's description of the gun used in the robbery closely matched the appearance of the gun found in appellant's possession. Appellant's primary defense was based on the contention, apparently rejected by the jury, that during the period of the robbery he was suffering from a diabetic reaction which precluded formation of the requisite intent for robbery. ■