IN THE MATTER OF JOHN ........................., A MINOR.

No. 5519

November 13, 1968                    446 P.2d 989

*Martillaro & Bucchianeri,* of Carson City, for Appellant.

*Robert F. List,* District Attorney, and *Michael E. Fondi,* Deputy District Attorney, Ormsby County, for Respondent.

## OPINION ·

By the Court, ZENOFF, J.:

John ........................., a minor, 16 years of age, was adjudged to be under the purview of the Juvenile Court Act, NRS, Chapter 62, and was committed to the boys training center in Elko on November 20, 1967. His commitment came about by reason of a petition from the juvenile department of the First Judicial District that "Subject minor did on or about the 20th day of August, 1967, in Carson City, Ormsby County, Nevada, wilfully and unlawfully sell or supply marihuana to Steve ........................., age 16, and Jerry ........................., age 18, all of which took place in a motor vehicle in Carson City, Nevada." The family names of the minors are omitted intentionally by this court.

The only evidence presented to the district court sitting in its capacity as a juvenile court was the statements of the two named juveniles that John had sold them what he represented to be marihuana cigarettes for 50¢ each and that they smoked the substance received from him. They testified that they suffered no effects and did not know if in fact the so-called cigarettes did contain marihuana. No other evidence was presented to the court.

No time limitation was placed in the order of commitment, but by custom and practice the juvenile orders of commitment in this state either provide or imply that the commitment shall be for the minority of the minor or until further order of the court. The statutes provide that the superintendent of the youth training center may release minors placed under his supervision at his discretion. No issue is presented in this case concerning the discretionary feature of the order.

We must be ever mindful that whatever the turbulence of the law relating to juveniles, if we are to serve the laudable purposes of specialized handling of children in trouble, the very minimum should be that the child does not receive the worst of two worlds, that he gets "neither the protections accorded to adults nor the solicitous care or the regenerative treatment postulated for children." Kent v. United States, 383 U.S. 541 (1966). So far as they go, the standards of In re Gault, 387

U.S. 1 (1967), must be applied and in this case those standards were met. The minor's parents were notified of the date of the hearing and were present. The minor was advised of his constitutional rights, and he acknowledged awareness of them. In fact he refused to be interrogated. He was also represented by an attorney of his own choice. The boy was released to the custody of his parents pending the hearing, thus no pretrial bail issue was presented.

Our Juvenile Court Act, NRS, Chapter 62, expressly provides that juvenile proceedings shall not be deemed criminal or criminal in nature. NRS 62.190(3). Yet Gault requires those proceedings to meet some of the criminal standards afforded adults. Neither the Fourteenth Amendment nor the Bill of Rights is for adults alone. Gault, supra.

Appellant is charged with the sale of marihuana, a felony. NRS 453.210. If the accused were an adult he would be entitled to a trial with the requirement that guilt be proven beyond a reasonable doubt. Respondent contends that juvenile proceedings are not criminal, and therefore the offense must be established only by a preponderance of the evidence.

In the lower court proceeding the two boys testified that John _____ told them the cigarettes were marihuana and that they believed him but that they had no reaction from smoking the "spikes." There was no other proof of any kind, type or nature whatsoever to establish that the so-called marihuana cigarettes were in truth marihuana or just ordinary cigarettes. Neither Kent, supra, nor Gault, supra, permit us to indulge in whimsical adjudication under the diluted doctrine of parens patriae. Cf. Ginsburg v. New York, 390 U.S. 629 (1968), which appears to give some rebirth to parens patriae under the police power. Without even a preponderance of the evidence to establish the presence of the narcotic, the case must fail.[1]

Reversed for a new hearing.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.

---

[1]At present, the measure of proof in juvenile cases is uncertain. Illinois (In re Urbasek, 232 N.E.2d 716, 719 (Ill. 1967)), adopts the reasonable doubt standard. Others have not gone that far. In re Wylie, 231 A.2d 81 (D.C.App. 1967); Annotation, 43 A.L.R.2d 1128, 1138–41 (1955). The United States Supreme Court has not yet ruled. In re Whittington, 391 U.S. 341 (1968).