CHARLES JAMES GLOSEN AND ROBERT E. PEARSON, APPELLANTS, v. SHERIFF OF WASHOE COUNTY, NEVADA, RESPONDENT.

No. 5754

March 11, 1969                    451 P.2d 841

*Samuel B. Francovich,* of Reno, for Appellant Robert E. Pearson.

*J. Rayner Kjeldsen,* of Reno, for Appellant Charles James Glosen.

*Harvey Dickerson,* Attorney General, of Carson City, *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Glosen and Pearson were jointly indicted for the sale of marijuana and sought freedom by petitions for habeas corpus in the district court, which were denied. They have appealed. Glosen's main contention is that insufficient evidence was presented to hold him for trial. Pearson urges that he should not be forced to trial since he was acting as an agent of an employee of the police department in arranging for Glosen's sale of marijuana to such employee, and cannot be considered as having sold the marijuana himself. Each claims that the evidence before the grand jury establishes entrapment as a matter of law. We affirm the rulings of the district court.

The story related to the grand jury is a simple one. A policewoman met Pearson at a bar where he was employed as a bartender. She inquired if he could get some marijuana for her. He replied that he could, telephoned Glosen, and within a few minutes Glosen came to the bar. Glosen asked the policewoman if she was the person who wanted marijuana and she indicated that she was. She then gave Glosen fifty dollars, he left, returned soon and delivered a bag containing marijuana to her. Such was the testimony of the policewoman. She also identified Glosen from a police mug shot of him.

Two other witnesses testified, a police sergeant who explained part of the chain of custody of the particular marijuana involved, and one who had tested the substance and found it to be marijuana. The record does not reflect that the latter witness was competent to express an opinion.

1. The Glosen appeal. It is a felony to sell marijuana. NRS 453.030. An indictment for an unlawful sale may be returned when the evidence establishes probable cause to believe that an offense has been committed and that the person against whom an indictment is sought committed it. NRS 172.155.

Glosen's contention that the evidence is legally insufficient is directed mainly to discrepancies in the chain of custody testimony, and to the opinion evidence of the witness who was not

shown to be an expert. We need not consider this contention since the testimony of the policewoman alone established probable cause.

Of course, proof beyond a reasonable doubt that the substance sold was in fact marijuana must be offered at trial [In re John, a Minor, 84 Nev. 635, 446 P.2d 989 (1968)], and is generally supplied through an expert witness who has tested the substance. That quantum of proof is not required before a grand jury. The standard of probable cause is satisfied if the person against whom an indictment is sought either directly, or by necessary implication, represents that the substance he is selling is marijuana. Such a representation was made to the policewoman in this case. The grand jury was entitled to believe it.

Additionally, Glosen argues that the policewoman's identification of him from a police mug shot was incompetent evidence since the photograph was hearsay. Whether hearsay or not, this bit of evidence was not needed. The grand jury could indict without it since she had testified that Glosen sold her marijuana.

2. The Pearson appeal. This man also was indicted for the sale of marijuana. So far as we know he did not receive a profit from the transaction. He did arrange for the sale by Glosen to the policewoman. Our statute defining "sale" is broad. A "sale" includes, barter, exchange, a gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee. NRS 453.020(16). Thus, it is not essential for the state to show that Pearson profited from the transaction. Although his participation was initiated by the policewoman's request, he acted as Glosen's agent in arranging for the transaction. If the Texas case of Durham v. State, 280 S.W.2d 737 (Tex.Crim. App. 1955), may be read as holding otherwise, we decline to follow it.

3. Entrapment. Glosen and Pearson each insists that the record shows entrapment as a matter of law. We do not so view the record. It was permissible for the grand jury to find that

the policewoman furnished the accused an opportunity to commit a crime which was consummated with the requisite criminal intent. State v. Busscher, 81 Nev. 587, 407 P.2d 715 (1965). Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.