CHARLES J. GLOSEN AND JACK M. CROWN, APPELLANTS, v. SHERIFF OF WASHOE COUNTY, NEVADA, RESPONDENT.

No. 5753

March 14, 1969                                        451 P.2d 843

[Rehearing denied April 2, 1969]

*J. Rayner Kjeldsen,* of Reno, for Appellant Glosen.

*Seymour H. Patt,* of Reno, for Appellant Crown.

*Harvey Dickerson,* Attorney General; and *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION

By the Court, MOWBRAY, J.:

Charles J. Glosen and Jack M. Crown were both indicted by the Washoe County Grand Jury for the illegal sale, on two separate occasions, of narcotics (marijuana and cocaine). Crown was also indicted on a separate charge of illegally dispensing a narcotic drug. All offenses charged are felonies. NRS 453.030.

As provided in subsection 2 of NRS 172.155, the appellants filed a petition in the district court for a writ of habeas corpus on the grounds that the evidence presented to the grand jury was insufficient to establish probable cause that the offenses had been committed. We affirm the order of the district court which denied their petition for habeas.

Briefly, the facts are these. A female narcotic agent employed by the Reno City Police met Crown at his residence on June 24, 1968. During the evening, Crown produced several cigarettes which he identified as marijuana. He smoked his, according to the agent, but she "butted" hers and stuffed them in her shoe. Later that same evening she delivered them to the Reno Police Department Narcotic Bureau. The agent returned to Crown's residence the following day and asked Crown if he would secure some marijuana for her. He promised to do so and made a phone call for that purpose. In the evening of the same day, on a Reno street corner, the agent and Crown met appellant Glosen, who had the marijuana which the agent had previously ordered through Crown. The agent gave $20, the price of the marijuana, to Crown, who handed it to Glosen. Glosen then hand-delivered the marijuana to Crown, who gave it to the agent. As soon as this transaction was consummated, the agent inquired whether she could purchase some cocaine. Glosen said he could get her some for another $20. The agent agreed to the price and handed Crown an additional $20. He gave it to Glosen, who left for a few moments and then returned with the cocaine. Once again he gave it to Crown, who handed it to the agent. When asked by a member of the grand jury why she went through the routine of giving the money to Crown rather than handing it to Glosen, the agent replied, "Well, sir, because I just can't see letting the other

person go when I can kill two birds with one stone." Such was the testimony of the agent before the grand jury.

Only two other persons testified—Reno Police Sergeant Tom Benham and Chief Chemist Lloyd Whalen of the Nevada Food and Drug Laboratory. Benham testified regarding the custody of the marijuana and cocaine, which the agent delivered to him and he in turn delivered to Whalen for a chemical analysis. Benham and the narcotic agent identified a mug shot of Glosen before the grand jury. Whalen confirmed the representations of Glosen and Crown that the substances received and purchased by the agent were narcotics.

1. *The Glosen appeal.* Glosen advances the same arguments in challenging the sufficiency of the evidence in this case as he did in Case No. 5754, Glosen & Pearson v. Sheriff, 85 Nev. 145, 451 P.2d 841 (1969). It would serve no useful purpose to restate his arguments, or our reasons for rejecting them, in this opinion.

Glosen has added two arguments which do not appear in the Glosen-Pearson appeal. He asserts in this appeal that he has been denied his constitutional right to a speedy trial and, further, that the narcotic agent was biased because she was a policewoman. We find these additional contentions to be without merit, and we affirm, as to Glosen, the order of the district court denying the petition for habeas.

2. *The Crown appeal.* Crown argues that he cannot, as a matter of law, be held to answer the two charges involving him in the sale of the marijuana and cocaine, because he did not receive any part of the consideration paid by the agent for the narcotics. This court answered that argument in Glosen & Pearson v. Sheriff, supra, wherein we said, at 148: "This man [Pearson] also was indicted for the sale of marijuana. So far as we know he did not receive a profit from the transaction. He did arrange for the sale by Glosen to the policewoman. Our statute defining 'sale' is broad. A 'sale' includes barter, exchange, a gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee. NRS 453.020(16). Thus, it is not essential for the state to show that Pearson profited from the transaction. Although his participation was initiated by the policewoman's request, he acted as Glosen's agent in arranging for the transaction."

Finally, Crown contends that the agent's testimony is insufficient to hold him to answer the indictment charging him with

dispensing narcotics illegally. Quite the contrary is true. The testimony of the agent that Crown stated that the cigarettes which he gave her to smoke contained marijuana is sufficient, standing alone, to establish probable cause that a violation of NRS 453.030 occurred. Glosen & Pearson v. Sheriff, supra. The district court order denying a petition for habeas is affirmed as to Crown, also.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.