JACK MELVIN CROWN, APPELLANT, v. SHERIFF, WASHOE COUNTY, NEVADA, RESPONDENT.

No. 5917

September 9, 1969                    458 P.2d 357

*Seymour H. Patt,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *C. Frederick Pinkerton,* Deputy District Attorney, Washoe County, for Respondent.

**OPINION**

By the Court, ZENOFF, J.:

Jack Melvin Crown, arrested and charged with having in his possession a narcotic drug, appeals the denial of his petition for a writ of habeas corpus which he asserted on the basis that the state failed to present evidence to the grand jury sufficient to constitute probable cause. He further complained that the tactics of the law enforcement officers were objectionable.

Sheila Summers and Ben Jiminez, special agents working for the Reno Police Department, met and accompanied Robert Yance to his motel room in Reno. Jack Crown was in the room when they arrived. From a closet Yance produced a quantity of marijuana, rolled a cigarette and offered it to the police agents after lighting it. The "joint" of marijuana was passed around from Yance to Jim, to Sheila, to Crown, back to Sheila from Crown, and then to Yance. Such was the testimony before the grand jury.

The lower court found that the evidence was sufficient to constitute probable cause and we agree.

1. Our most recent cases relating to probable cause in possession of narcotics cases were cited and need not be repeated. They fit the facts in this case, hence further discussion is unnecessary. Maskaly v. State, 85 Nev. 111, 450 P.2d 790 (1969); Glosen and Pearson v. Sheriff, 85 Nev. 145, 451 P.2d 841 (1969); Glosen and Crown v. Sheriff, 85 Nev. 166, 451 P.2d 843 (1969).

2. The record is not clear as to what tactics used by the law enforcement people appellant claims amounted to dirty pool. There is some implication that Sheila used her sexual

wiles to get to the room with the men and that thereafter by participating in the marijuana experience and later joining with the police in forcing their way into the room without a search warrant that the totality of the conduct was unfair. This court has already approved the use of police informers in the prosecution of the narcotic traffic. Crowe v. State, 84 Nev. 358, 441 P.2d 90 (1968). Otherwise, our scrutiny discloses no violations. Policemen dealing in the vast, vague underworld of narcotics are not held to the polite manners practiced in decent society. Lewis v. United States, 385 U.S. 206 (1966).

We find no merit in this appeal.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.