ARNIE ZAMPANTI, Appellant, v. SHERIFF OF CLARK COUNTY, NEVADA, Respondent.

No. 6251

August 10, 1970          473 P.2d 386

George E. Graziadei, of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, *George E. Franklin, Jr.,* District Attorney, and *Lorin D. Parraguirre,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

An indictment was returned by the Clark County Grand Jury on February 19, 1970, charging appellant with selling marijuana in violation of NRS 453.030 and NRS 453.210(2). This appeal is from an order dismissing appellant's pretrial petition for a writ of habeas corpus.

The grand jury heard the testimony of only one witness, Russ Angione, an undercover agent for the Clark County Sheriff's Department. The officer testified that appellant's Chevy van smelled of smoked marijuana, that appellant rolled what he represented to the officer to be a marijuana cigarette and started to light it, that when appellant rolled it up it appeared to be marijuana, and that when appellant lit the cigarette it smelled like marijuana. The officer also testified that he had been working as an undercover narcotics officer for one year.

Appellant contends that the district court erred when it ruled that there was competent evidence that the cigarette handed to the undercover agent contained marijuana. Appellant argues that where a key issue before the grand jury was whether the contents of a cigarette were narcotic in character, the use of a policeman's opinion testimony rather than that of a qualified

chemist was a direct violation of NRS 172.135(2), which requires the grand jury to receive none but the best evidence in degree.

We reject this argument. As we said in Glosen v. Sheriff, 85 Nev. 145, 451 P.2d 841 (1969):

"Of course, proof beyond a reasonable doubt that the substance sold was in fact marijuana must be offered at trial . . . and is generally supplied through an expert witness who has tested the substance. That quantum of proof is not required before a grand jury. The standard of probable cause is satisfied if the person against whom an indictment is sought either directly, or by necessary implication, represents that the substance he is selling is marijuana."

Appellant herein represented to Officer Angione that the cigarette contained marijuana. Therefore, under the authority of Glosen, supra, there was sufficient competent evidence introduced to support the indictment. Appellant's contention that the holding in Glosen, supra, violates the rule that the corpus delicti must be established independently of the out-of-court admissions and declarations of the accused was not raised in the court below and is therefore not properly before us. However, even assuming arguendo the validity of appellant's contention, we hold that the testimony of a qualified police officer satisfies the standard of probable cause necessary to support the indictment.

Accordingly, the order of the district court denying habeas is affirmed.