JAMES RAYMOND WAGONER, Appellant, v. SHER–
IFF, CLARK COUNTY, NEVADA, Respondent.

No. 6437

March 4, 1971                                              482 P.2d 296

*Wiener, Goldwater & Galatz,* and *Herbert L. Waldman,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The appellant was indicted by the grand jury on a charge of two counts of possession of marijuana. He filed a petition for a writ of habeas corpus which challenged the indictment on the grounds that there was insufficient evidence to constitute probable cause to believe that the offense charged had been committed.

At the grand jury proceedings the arresting officer testified that he had been employed by the sheriff's office for approximately nine years, and that he was working with the narcotics detail at the time of the appellant's arrest. He further testified

that he had prior experience with marijuana, having seen the substance on numerous occasions since the year 1964. He testified that he examined the substance recovered from the appellant, and in his opinion it "appeared to be marijuana" based upon its odor, texture, etc. He testified that the substance recovered from the appellant's residence "appeared to be marijuana" and that there was nearby "a pipe, a brown smoking pipe . . . filled with what appeared to be marijuana, to the brim."

The appellant contends that NRS 172.135(2)[1] requires the presentation of the testimony of a qualified expert before a valid indictment can be returned; and that, further, because there was no representation by the appellant that the substances were marijuana, the testimony of the arresting officer was insufficient to constitute probable cause to believe that an offense had been committed. We reject that contention and affirm the district court's order denying habeas.

Substantially the same argument was made and rejected in Zampanti v. Sheriff, 86 Nev. 651, 473 P.2d 386 (1970). Although in that case the appellant represented to the arresting officer that the substance was marijuana, and the issue was thus not properly before us on appeal, we said by way of dictum ". . . the testimony of a qualified police officer satisfies the standard of probable cause necessary to support the indictment."

Affirmed.

---

[1]NRS 172.135(2) reads: "The grand jury can receive none but legal evidence, and the best evidence in degree, to the exclusion of hearsay or secondary evidence."