EDDIE PORTER, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 6487

June 1, 1971                                    485 P.2d 676

*Robert G. Legakes,* Public Defender, and *Thomas D. Beatty,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy of Appeals, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The single issue presented by this appeal is whether or not the state is required to prove an actual delivery or transfer of possession of a narcotic substance, in order to prove a sale of narcotics under NRS 453.030.[1]

---

[1]NRS 453.030: "Acts prohibited. It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in NRS 453.010 to 453.240, inclusive."

The appellant was charged by criminal complaint with the sale of narcotics in violation of NRS 453.030. The testimony adduced at the preliminary examination revealed that the appellant was handed a sum of money in payment for an amount of narcotics; that the appellant left the area where the transaction was taking place, returned, began to arrange injection equipment on a table, and laid some capsules containing heroin on the table; and was thereupon placed under arrest by police officers before any injection or other actual delivery of the substance occurred.

A writ of habeas corpus was sought in the district court on the ground that the transaction did not constitute a "sale" of narcotics under the statute because the prosecution failed to show an actual delivery or transfer of possession of the narcotics. The writ was denied and this appeal followed.

The legislature has defined a "sale" of narcotics in NRS 453.020(16) to include "[B]arter, exchange, or gift, or offer therefor, . . ." It is clear that the intent of the legislature was not to require an actual delivery or transfer of possession of narcotics in order to violate the provisions of NRS 453.030. The statute is explicit. Here all that is required to constitute a sale of narcotics is "an offer" to exchange the substance. See State v. Espinosa, 421 P.2d 322 (Ariz. 1966); State v. Beemer, 51 Nev. 192, 272 P. 656 (1928). Cf. Glosen v. Sheriff, 85 Nev. 166, 451 P.2d 843 (1969); Watkins v. Sheriff, 87 Nev. 233, 484 P.2d 1086 (1971).

The legislative definition is clear and unambiguous and not susceptible of interpretation.

Affirmed.