JOSEPH P. DuFRANE, APPELLANT, *v.* SHERIFF,
WASHOE COUNTY, NEVADA, RESPONDENT.

No. 6718

February 2, 1972                              495 P.2d 611

*H. Dale Murphy,* Public Defender, and *William N. Dunseath,* Deputy Public Defender, Washoe County, for Appellant.

*Robert List,* Attorney General, *Robert E. Rose,* District Attorney, and *Keith L. Lee,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

The appellant petitioned for a writ of habeas corpus, contending that his confinement was unlawful, first for want of sufficient evidence to constitute probable cause to believe that a crime had been committed and that he committed it, and second, for violation of his constitutional rights due to a prejudicial pre-arrest delay.

He had been charged by indictment with sale of narcotics in violation of NRS 453.030. The grand jury heard the testimony of a police informer that he contacted the appellant for the purpose of purchasing narcotics; that on October 12, 1970, after being searched by a police officer to determine that he had no narcotics on his person, he and an officer went to the pre-arranged location to make the purchase; that when the appellant objected to the presence of a third person the officer returned to his car; that the informer and the appellant discussed the transaction, during which discussion the appellant referred to the substance interchangeably as heroin, "smack" and "stuff", he described it as "good stuff", and that the heroin was brown in color; that the informer gave the appellant $50.00 for a quantity of the substance; that the appellant then walked to a nearby telephone booth where he left the substance; that when the informer retrieved the substance the appellant returned to see if any of it was being "pinched" because he wanted some for himself; that on his way back to the car where the officer was waiting the informer saw a person believed to be the appellant's main supplier; and that the informer had been talking with the appellant previously about making a big deal with him. The informer also testified that he had been equipped with a radio transmitter which he wore under his clothes.

That testimony was corroborated by another police officer whose assignment was to observe the transaction between the informer and the appellant. He testified that he had searched

the informer to ascertain that he had no narcotics, that he observed the informer's meeting with the appellant and listened to their conversation by means of a receiver he had for the transmitter carried by the informer.

On the proof thus presented to them, the grand jury returned an indictment against the appellant on May 13, 1971, some seven months after the transaction between the informer and the appellant. The appellant had been arrested on April 1, 1971.

The appellant's first assignment of error, which is directed to the sufficiency of the evidence to constitute probable cause, is without merit. While proof that the substance sold was in fact a narcotic is required to be shown beyond a reasonable doubt at trial, that quantum of proof is not required before a grand jury. Glosen v. Sheriff, 85 Nev. 145, 451 P.2d 841 (1969). In that case we said "[T]he standard of probable cause is satisfied if the person against whom an indictment is sought either directly, or by necessary implication, represents that the substance he is selling is [a narcotic]." In this case the testimony of the informer, previously described, was corroborated by the testimony of a police officer who observed the transaction and who listened to the conversation between the informer and the appellant by means of a receiving device. The terminology used by the appellant to describe the substance in question is generally known to refer to heroin. Its necessary implication was that the substance in question was a narcotic.

Under the total circumstances revealed by this grand jury transcript, including the controlled and fully supervised nature of the transaction, which was observed and heard by a qualified police officer including the appellant's representations to the informer, the informer's resulting knowledge was the knowledge of the police officer. Such proof in these circumstances is sufficient to constitute probable cause.

With regard to the appellant's second assignment of error, he attempted to demonstrate that he had been prejudiced by the pre-arrest delay by testifying that after his arrest neither he nor any members of his family were able to recall his actions or his whereabouts on the date in question, and that he was thus unable to prepare and present a proper defense to the charge. The state replied that the pre-arrest delay was due to a continuing investigation of the charge against the appellant or of other charges. The testimony of the informer at the grand

jury hearing made reference to his discussions with the appellant concerning "some big deal with him." He also testified that after the transaction with the appellant he observed a person believed to be the main supplier near the scene. Thus the state's representation that a reasonable pre-arrest delay was necessary to enable a continuing investigation to be conducted is supported by the record. Moreover, the district judge characterized the appellant's effort to show prejudice by the pre-arrest delay as wholly unconvincing. Scott v. State, 84 Nev. 530, 444 P.2d 902 (1968).

Klopfer v. North Carolina, 386 U.S. 213 (1967), extended the Sixth Amendment speedy trial provision to state criminal cases. On December 20, 1971, the United States Supreme Court decided United States v. Marion, 404 U.S. 307. The issue was whether dismissal of a federal indictment was constitutionally required by reason of a period of three years between occurrence of the alleged criminal acts and the filing of the indictment. Four members of that Court expressed themselves to the effect that the Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an accused, and declined to extend the reach of the Sixth Amendment to the period prior to arrest. They noted that the applicable statute of limitations is the primary guarantee against bringing overly stale charges. All seven members participating in that case agreed that the Due Process Clause of the Fifth Amendment may be relevant to pre-indictment delay if it is shown that substantial prejudice to a fair trial resulted. On the record before us, and at this stage of the proceeding, we do not find a due process violation.

Affirmed.