EDMUND TIGNER AND LINDA PRESCOTT, APPELLANTS,
v. THE STATE OF NEVADA, RESPONDENT.

No. 6643

May 2, 1972 496 P.2d 159

*Cooke & Roberts,* of Reno, and *Carl F. Martillaro,* of Carson City, for Appellants.

*Robert List,* Attorney General, *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION

By the Court, ZENOFF, C. J.:

Appellants Tigner and Prescott were convicted of selling narcotics following a jury trial at Reno, Nevada.

1. Appellant Tigner raises several issues on appeal, however, we need only discuss one. Tigner asserts that the trial court erred in permitting evidence of a subsequent sale of narcotics. We agree.

The evidence of Tigner's subsequent sale of narcotics came into the record on rebuttal wherein the following questions were posed to state's witness Jones:

"BY MR. AHLSWEDE:

Q Did you ever purchase any other narcotics from Mr. Tigner?

A Yes. I purchased numorphan.

Q Was this prior to the sale or subsequent to the sale of September 18?

A This was subsequent to it.

Q Can you state what happened on that occasion?

MR. REESE: Objection, your Honor."

There is no indication in the record why this testimony was elicited, nor were instructions given to the jury to consider the evidence for limited purposes. Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959). For the reasons stated in Lindsay v. State, 87 Nev. 1, 478 P.2d 1022 (1971), we reverse Tigner's conviction and remand for a new trial.

2. Appellant Prescott asserts that she is not guilty as a matter of law in aiding and abetting. Testimony of witness Jones inconclusively indicated that Prescott was a participant in the initial transaction involving the heroin; she, however, took the stand in her own behalf and denied any knowledge of the sale. Ordinarily it was within the exclusive province of the jury to determine the credibility of Jones and Prescott. Cross v. State, 85 Nev. 580, 460 P.2d 151 (1969). We have examined the record with care and find that the evidence implicating

Prescott is not sufficient to convict. Also, the jury might well have been prejudicially affected in its consideration of the case against Tigner. We reverse Prescott's conviction.

Reversed and remanded for a new trial as to Tigner.

Reversed as to Prescott.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.