JAMIE EGAN AND BONITA EGAN, Appellants, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 6970

November 17, 1972                 503 P.2d 16

*Peter L. Flangas,* of Las Vegas, for Appellants.

*Robert List,* Attorney General, Carson City, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, C. J.:

An indictment was returned by the Clark County Grand Jury charging appellants with selling marijuana in violation

of NRS 453.030 and 453.210(2). In this appeal from the denial of a pre-trial writ of habeas corpus they challenge (1) the sufficiency of the evidence to establish probable cause, (2) the constitutionality of the statute and (3) contend the statute under which they are charged was repealed by Stats. of Nev. 1971, ch. 667. [NRS 453.011 et seq.]

The grand jury heard the testimony of only one witness, John Adamo, an undercover agent for the Clark County Sheriff's office. He testified that on September 22, 1971, he met with appellants and arrangements were made with Jamie Egan to purchase marijuana. While Adamo and Jamie Egan were haggling over the price Bonita Egan stated the price would be $20.00. A rendezvous was scheduled in the parking area of a shopping center. After a brief period the Egans arrived at the parking lot. Bonita went into the grocery store and Jamie entered the Adamo car where he exchanged what he *represented* to be a baggie of marijuana for $20.00.

1. We have previously held similar "non-expert" testimony sufficient to establish probable cause in grand jury proceedings. "The standard of probable cause is satisfied if the person against whom an indictment is sought either directly, or by necessary implication, *represents* that the substance he is selling is marijuana." Glosen v. Sheriff, 85 Nev. 145, 148, 451 P.2d 841, 842 (1969). [Emphasis added.] We have restated this rule in DuFrane v. Sheriff, 88 Nev. 52, 495 P.2d 611 (1972) and Zampanti v. Sheriff, 86 Nev. 651, 473 P.2d 386 (1970).

Appellants concede *Glosen* is the law in this state but contend that it should not apply to them because of the following circumstances. Prior to the indictment appellants had been charged with the same offense in the justice court.[1] At a scheduled preliminary hearing the state obtained a continuance because of the absence of their expert witness, a chemist. Appellants suggest that since expert testimony was not essential that the affidavit in support of the motion to continue was false and since the state used the absence of the expert to gain the continuance in justice court they became obligated to produce expert testimony before the grand jury, to establish probable cause. This is simply not the law. Although the state may use an expert to establish probable cause at a preliminary hearing or before the grand jury, it is not mandatory that it

[1]The justice court proceedings were subsequently dismissed.

does so if other testimony meets the standard we required in *Glosen.* Adamo's testimony met that test as to Jamie Egan.

The mere physical presence of Bonita Egan during the negotiations and her statement of the price of a baggie may well subject her to criminal charges; however, such participation is insufficient to establish probable cause that she made a "sale". The charge against her should have been dismissed in the writ proceedings below. Cf. Tigner v. State, 88 Nev. 280, 496 P.2d 159 (1972).

2. The Uniform Narcotic Drug Act, Stats. of Nev. 1937, ch. 23, (NRS 453.020(2)) classified marijuana as a narcotic.[2] Appellants argue that recent scientific knowledge proves that marijuana is not a narcotic and complain that such classification, with its attendant punishment and sentencing provisions is arbitrary and deprives them of equal protection in violation of their Fourteenth Amendment rights. We reject this contention.[3] The legislature has full and exclusive authority in all matters of legislation so long as it does not transgress the bounds of some constitutional limitation. McCormick v. District Court, 67 Nev. 318, 218 P.2d 939 (1950). "The power to define crimes and penalties lies exclusively in the legislature." Lapinski v. State, 84 Nev. 611, 613, 446 P.2d 645, 646 (1968). "The inclusion of marijuana in the statutory definition of 'narcotic' in a class with heroin and other physically addicting drugs is not an unreasonable and arbitrary classification violative of due process and equal protection of the law." Reyna v. State, 434 S.W.2d 362, 366, (Tex.Crim. App. 1968) quoted with approval in Hunter v. State, 481 S.W.2d 806 (Tex.Crim.App. 1972).

3. Appellants' final contention is that since the grand jury indictment was not returned until February 17, 1972, and NRS

---

[2]The Uniform Controlled Substances Act, Stats. of Nev. 1971, ch. 667, p. 1999 et seq., supplanted the Uniform Narcotic Drug Act, effective January 1, 1972. Under the new act (NRS 453.011 et seq.) marijuana is no longer classified as a narcotic but marijuana offenses continue to be felonies. NRS 453.321.

[3]We are aware of recent contrary decisions in People v. Sinclair, 194 N.W.2d 878 (Mich. 1972) and People v. McCabe, 275 N.E.2d 407 (Ill. 1971) which held the particular statutory scheme of those two states unconstitutional. "Before enunciating the effect of such authorities, and the validity of such arguments, we prefer to wait until we are favored with briefs marshaling them in relation to the facts of a given case." Carson v. Sheriff, 87 Nev. 357, 360, 487 P.2d 334, 336 (1971).

453.030 and 453.210(2) were only effective until January 1, 1972, that the statute was repealed and they cannot be charged under the old law. The argument is without merit. Stats. of Nev. 1971, ch. 667, § 66 specifically provided that "[p]rosecution for any violation of law occurring prior to the effective date of this act is not affected or abated by this chapter." NRS 453.030 and 453.210(2) were fully viable and applicable to the offense charged.

Affirmed as to Jamie Egan.

Reversed as to Bonita Egan.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.