JOHNNIE D. WAID, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 7026

December 14, 1972                    504 P.2d 9

*Don Aimar,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The primary issue in this appeal is whether a grand jury may indict in a narcotics case when the only evidence as to the nature of the substance involved is the testimony of an experienced, though nonexpert police officer that the substance appeared to be and was represented to be narcotic. Appellant contends that the testimony of a nonexpert witness is insufficient to establish the corpus delicti.

1. Expert testimony, though necessary for a conviction, is not required before a grand jury. Glosen v. Sheriff, 85 Nev. 145, 148, 451 P.2d 841 (1969); cf. Maskaly v. State, 85 Nev.

111, 114, 450 P.2d 790 (1969). An experienced police officer's testimony that the substance appeared to him to be narcotic and that the accused represented it, directly or implicitly, to be a narcotic, establishes probable cause before the grand jury to return an indictment charging a sale of narcotics. Glosen v. Sheriff, supra; Zampanti v. Sheriff, 86 Nev. 651, 473 P.2d 386 (1970); DuFrane v. Sheriff, 88 Nev. 52, 495 P.2d 611 (1972).

2. Appellant also contends that the admissions during the attempted sale may not be considered by the grand jury until the narcotic nature of the substance is established.

We held in Azbill v. State, 84 Nev. 345, 440 P.2d 1014 (1968), that although admissions may not be the only means of establishing the corpus delicti, they may be used to corroborate or strengthen the proof of the corpus delicti. Here the admissions merely strengthen the proof established by the experienced officer's reasonable belief that the substance was cocaine.

Affirmed.