BILL BERNERD WARD AND PAUL DAVID THOMPSON, APPELLANTS, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 7803

December 23, 1974                    529 P.2d 798

*Stanley T. Traska,* of Las Vegas, for Appellants.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On November 1, 1973, Las Vegas Police Officer Michael R. McGlaughlin, together with Detective Greg Jolley, met with appellants in a Las Vegas motel room. An informer had

put McGlaughlin in telephone communication with appellants—who were from California—and the rendezvous was arranged for the stated purpose of purchasing 17 pounds of marijuana.

After McGlaughlin and Jolley entered the motel room, appellant Thompson opened a suitcase containing 17 packages of what he [Thompson] represented to be "grass." McGlaughlin examined 6 of the packages which, he testified, according to his training and experience, appeared to contain—and smelled like—marijuana. Using scales furnished by Thompson, McGlaughlin verified the weight of some of the packages and, after appellant Ward stated that the "grass" was of good quality—from their California connection—McGlaughlin agreed to take the lot at $100.00 per pound ($1700.00).

McGlaughlin then went to his car and retrieved an envelope containing $1700.00, which he placed in his pocket. He signaled "an arrest situation" to other officers maintaining surveillance; returned to the room; immediately placed Thompson and Ward under arrest; and, confiscated the suitcase and its contents.

Prior to the arrest there was neither delivery of the $1700.00 from McGlaughlin to appellants, nor did McGlaughlin receive delivery of the contraband.

Appellants were charged with "sale" of a controlled substance, [marijuana] a violation of NRS 453.321(1) and, after preliminary examination, were ordered to stand trial for the offense.

The information filed in the district court was challenged with a petition for habeas corpus. The district judge, in denying habeas, concluded that under our decision in Porter v. Sheriff, 87 Nev. 274, 485 P.2d 676 (1971), "all that is required to constitute a sale of narcotics is *an offer* to exchange the substance."

In asking us to reverse, appellants vigorously argue the absence of the physical exchange of the money or of the marijuana proscribes the charge of "sale." We agree.

NRS 453.321(1) provides that it is "unlawful for any person to sell, exchange, barter, supply or give away a controlled or counterfeit substance."

In *Porter* appellant *received* the money but no "actual delivery of the substance occurred." 87 Nev. at 275, 485 P.2d at 676. Furthermore, when *Porter* was decided, the Uniform Narcotic Drug Act was applicable, and therein NRS 453.020 (16) provided a definition of sale, i.e.: " 'sale' includes barter, exchange, or gift, *or offer* therefor, . . ."

The "Uniform Controlled Substances Act" supplanted the "Uniform Narcotic Drug Act" January 1, 1972. See Stats. of Nev. 1971, ch. 667, p. 1999 et seq. There is no definition of "sale" in the new enactment.

Because of the premature arrest of appellants by Officer McGlaughlin, our *Porter* decision is inapposite; and, the repeal of the NRS 453.020(16) definition of "sale" precludes sustaining the charge on the basis of appellants' "offer" to sell.

The conduct of appellants may well subject them to other criminal charges; however, their conduct was insufficient to establish probable cause that they made a "sale". The district judge should have granted a writ as to that particular charge. Egan v. Sheriff, 88 Nev. 611, 503 P.2d 16 (1972).

Reversed, with instructions to grant a writ of habeas corpus, without prejudice to other proceedings on appropriate charges.