BRENDA FAYE BOLDEN, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9384

January 19, 1977                    558 P.2d 628

*Morgan D. Harris,* Public Defender, and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Rimantas A. Rukstele,* Deputy District Attorney, Clark County, for Respondent.

---

## O P I N I O N

*Per Curiam:*

Brenda Faye Bolden was charged with, and, at the conclusion of a preliminary examination, ordered to stand trial for, selling a controlled substance in violation of Nev. Rev. Stat. § 453.-321 and 453.171. She then filed a petition for a writ of habeas corpus in which her central contention was that there was insufficient evidence produced at the preliminary examination to establish probable cause that she committed the charged offense. The district judge considered and rejected the petition and Bolden has appealed, reasserting the same contention.

The record establishes that a Las Vegas police officer arrived at Bolden's apartment and told her he wanted to buy some "coke." Bolden produced a white powdery substance, and stated to the police officer that it was good "coke" and the price was $25. The officer paid for the substance and departed. He subsequently testified that the "coke" appeared to him to be cocaine. Bolden asserts that, in the absence of an expert's testimony establishing that the substance was cocaine, the charge cannot stand. We disagree.

Proof beyond a reasonable doubt that the substance sold was *in fact* contraband must be offered at trial; and, generally, such proof is supplied through an expert witness who has tested the substance. However, for the purpose of meeting the standard of probable cause required to bind an accused over for trial, it is sufficient if the accused either directly, *or by necessary implication,* represents that the substance is, in fact, contraband. See: Glosen v. Sheriff, 85 Nev. 145, 148, 451 P.2d 841, 842 (1969), and its progeny.

Here, Bolden's representation that the substance was good

"coke" clearly meets the probable cause test delineated in Nev. Rev. Stat. § 171.206; therefore, we need not, and do not, reach her subordinate claim, i.e., that it was error to refuse her request to call the state's chemist as a witness. DuFrane v. Sheriff, 88 Nev. 52, 495 P.2d 611 (1972); Waid v. Sheriff, 88 Nev. 664, 504 P.2d 9 (1972); Zampanti v. Sheriff, 86 Nev. 651, 473 P.2d 386 (1970).

Affirmed.