KATHLEEN GLENN, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9753

June 15, 1977                           565 P.2d 648

*Morgan D. Harris,* Public Defender, and *R. Michael Gardner,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E.. Holt,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

---

# OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Kathleen Glenn was ordered to stand trial for the felonious sale of a controlled substance (hashish), in violation of NRS 453.321 and 453.161. A pretrial petition for a writ of habeas corpus contended there was insufficient evidence to establish probable cause that Glenn committed the offense. Habeas was denied and Glenn reasserts the contention in this appeal.

On March 23, 1976, Ralph Orduno, a Las Vegas Metropolitan police officer assigned to an undercover narcotic detail, together with an informant, went to an apartment occupied by Glenn and a woman by the name of Sue Linza. The stated purpose of the visit was to purchase narcotics.

Approximately ten or fifteen minutes later Kenneth Konold arrived at the apartment. At Konold's request, Linza brought scales from the back bedroom and the five people gathered around the kitchen table. Konold weighed out two grams of what was represented to be—and later identified as—hashish. Orduno asked Konold how much he was asking for the material; however, Glenn responded to the query, stating that it was ten dollars per gram. Orduno placed twenty dollars on the table, took the hashish, departed and subsequently initiated this charge.

Glenn argues that we are compelled to rule that she is immune from the "sale" charge because of our holding in Egan v. Sheriff, 88 Nev. 611, 503 P.2d 16 (1972). We do not agree.

In *Egan* we held that "[t]he mere physical presence of [the accused] during the negotiations and her statement of the price of a baggie may well subject her to criminal charges; however, such participation is insufficient to establish probable cause that she made a 'sale.'" *Id.* at 614, 503 P.2d at 18. Glenn's activities are substantially different. While Egan was present only at the negotiations, Glenn was present at the sale. While Egan quoted the price at a place and time removed from the sale, Glenn did so immediately incident to the sale. Egan manifested an intent to absent herself from the sale; however, Glenn, while seated at the kitchen table, focused her attention

on the transaction and watched the sale take place. Conceding there is no universal litmus to determine probable cause in such cases, we feel an examination of the context in which Glenn's participation occurred is akin to and satisfies the "presence, companionship, and conduct" guidelines developed in Robertson v. Sheriff, 85 Nev. 681, 462 P.2d 528 (1969), and its progeny. Accordingly, we affirm.