## SHERIFF, CLARK COUNTY, NEVADA, Appellant, v. BETTY BYRON, Respondent.

No. 9946

November 16, 1977                    571 P.2d 103

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, and *Robert B. Amundson,* Deputy Public Defender, Clark County, for Respondent.

---

[1]The Chief Justice designated Hon. David Zenoff, Justice (Retired), to sit in this case. Nev. Const. art. 6, § 19.

# OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Betty Byron was ordered to stand trial for selling a controlled substance (heroin), in violation of NRS 453.321 and NRS 453.-161. A pretrial petition for a writ of habeas corpus contended there was insufficient evidence to establish probable cause to believe that Byron committed the charged offense.

The thrust of Byron's argument was that the charge must fail because the prosecuting attorney neglected to introduce the contraband as evidence at the preliminary examination. The district judge agreed and granted habeas. The state, contending the district judge committed error, has appealed.

There is testimony in the transcript of the preliminary examination that Byron represented to the principal prosecution witness (an undercover narcotic agent), that she could furnish him with a better grade of heroin than he was getting from another source. Based on that representation the witness testified, *inter alia,* that he then gave Byron fifty dollars and "[s]he handed me a red balloon which she stated was . . . three-step heroin. She stated she had tried it and it was good."

In order to establish probable cause that the accused committed the charged offense, it is not mandatory to introduce the contraband as physical evidence in the proceedings before the magistrate when, as here, the accused has represented that the item sold was a controlled substance. *See* United States v. Irion, 482 F.2d 1240 (9th Cir. 1973). *See also* NRS 50.315; Bolden v. Sheriff, 93 Nev. 8, 558 P.2d 628 (1977), and the cases cited therein; and, Baird v. Sheriff, 89 Nev. 286, 511 P.2d 1052 (1973). The district court's order granting the petition for a writ of habeas corpus is reversed.