DARSON FABER, Appellant, v. SHERIFF, DOUGLAS COUNTY, NEVADA, Respondent.

No. 10315

December 21, 1977     572 P.2d 524

*Horace R. Goff,* State Public Defender, and *John J. Kadlic, Jr.,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Steven D. McMorris,* District Attorney, and *William J. Crowell, Jr.,* Deputy District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Darson Faber was ordered to stand trial for the felonious possession of a controlled substance, cocaine. (NRS 453.336 and NRS 453.-171). Faber then filed a pretrial petition for habeas corpus which was considered and denied by the district court.

In this appeal the only issue which warrants discussion is that the charge must fail because the prosecuting attorney neglected to have the contraband admitted as evidence at the preliminary examination. The contention is without merit.

At the preliminary examination, a chemist's report was admitted in evidence pursuant to NRS 50.315.[1] That report indicated the substance was cocaine. When such a report is in evidence, we hold that, for the purpose of establishing probable cause, it is not mandatory for the actual contraband to be admitted as physical evidence at the preliminary examination. *See* Commonwealth v. Rick, 366 A.2d 302 (Pa. Super. 1976). *Cf.* Sheriff v. Byron, 93 Nev. 546, 571 P.2d 103 (1977).

Faber's other claim of error is rejected on the authority of Doyle v. State, 82 Nev. 242, 415 P.2d 323 (1966), and its progeny. Accordingly, we affirm.

---

[1]NRS 50.315 provides, in pertinent part:

"Whenever any person has qualified . . . as an expert witness for the purpose of testifying regarding . . . a controlled substance . . . the affidavit of such person is admissible in evidence in . . . a preliminary examination . . . for the purpose of proving the . . . presence or absence of [a] controlled substance, . . ."