OPINION

Per Curiam:

On April 5, 1998, Las Vegas Metropolitan Police Department Detective John Turney (“Turney”) was working undercover on narcotics-related crimes near Stewart and Thirteenth Streets. As Turney walked down Stewart Street, Donald Monroe (“Monroe”) walked up to him. Turney told Monroe that he was looking to buy two rocks of cocaine for $20.00. Monroe then told Turney to wait by a pay phone. Monroe walked away from Turney and toward a vacant building.
In front of the vacant building, Monroe approached appellant Christopher Douglas Paige (“Paige”). Monroe and Paige engaged in a brief conversation that Turney could not hear. The conversation took approximately two minutes. After the conversation, Monroe then left the scene, and Paige walked toward Turney.
Before Turney could speak, Paige said, “Where’s the money?” Turney took out $20.00, and Paige then took out what appeared to be rocks of cocaine. Turney and Paige exchanged the money and rocks of cocaine. After Paige handed the rocks of cocaine to Turney, Turney asked Paige “if they were good rocks.” Paige responded by saying, “Yes, good coke.” Turney and Paige then walked in separate directions.
When Turney returned to the undercover command post, the rocks of cocaine that Paige gave him were tested. The test results were inconclusive as to cocaine and were made of an unknown substance.[1]
Due to the undercover nature of the investigation, another officer briefly detained, interviewed, and then released Paige. On April 8, 1998, after the undercover operation ended, Turney identified Paige and the police arrested him.
Paige was tried and convicted of one count of offering, agreeing, or arranging to sell or give away a controlled substance, a *208 felony under NRS 453.321. The district court sentenced Paige to serve twenty-eight to seventy-two months in prison.
Paige argues that an essential element of the crime of offering to sell a controlled substance under NRS 453.321 requires the State to prove that he offered to sell an actual controlled substance. Because the substance Paige sold to the undercover detective was not cocaine, he argues that the State failed to present sufficient evidence to convict him under NRS 453.321. We agree.
“The construction of a statute is a question of law.” Anthony Lee R., A Minor v. State, 113 Nev. 1406, 1414, 952 P.2d 1, 6 (1997). Questions of law are subject to de novo review. See Clark v. Lubritz, 113 Nev. 1089, 1093, 944 P.2d 861, 864 (1997). In interpreting statutes, “[t]his court has long held that statutes should be given their plain meaning.” Alsenz v. Clark Co. School Dist., 109 Nev. 1062, 1065, 864 P.2d 285, 286 (1993).
NRS 453.321[2] provides in relevant part:
1. [I]t is unlawful for a person to import, transport, manufacture, compound, sell, exchange, barter, supply, prescribe, dispense, give away or administer a controlled or counterfeit substance or to offer or attempt to do any such act.
The State asserts that Paige committed a crime when he offered to sell a controlled substance and that NRS 453.321 does not require that the substance actually be a controlled substance. Indeed, the State’s interpretation of NRS 453.321 is one that requires a controlled substance to be involved in every type of transaction described in the statute except for offering to sell a controlled substance. For example, under the State’s view of NRS 453.321, a defendant cannot be convicted of selling a controlled substance if the substance was not truly a controlled substance. In contrast, the State argues that Paige can be convicted of offering to sell a controlled substance even if the substance was not truly a controlled substance. The State cannot have it both ways. NRS 453.321 contains no language indicating that “offering to sell” does not also require the existence of a controlled substance. We note that the State’s theory of NRS 453.321 actually encourages, not discourages, an individual to complete a drug sale.
*209 Moreover, the State concedes we have previously concluded that “[p]roof beyond a reasonable doubt that the substance sold was in fact contraband must be offered at trial.” Bolden v. Sheriff, 93 Nev. 8, 9, 558 P.2d 628, 628 (1977) (holding that proof that the substance was a controlled substance at the preliminary hearing is unnecessary if the accused represents it to be a controlled substance); see also Glosen v. Sheriff, 85 Nev. 145, 451 P.2d 841 (1969). The State argues that Bolden is distinguishable from the instant matter because Bolden involved a sale, not an offer to sell. We conclude that the State’s argument ignores the plain language of NRS 453.321 and the reasoning underlying Bolden, i.e., proof of a controlled substance is still required at trial.
Additionally, our interpretation of NRS 453.321 is further supported by an analysis of NRS 453.323(1)[3] and NRS 453.332.[4] Both NRS 453.323(1) and NRS 453.332 appear to apply to Paige’s conduct in that both statutes involve non-controlled substances. In this case, it is undisputed that the substance sold to Turney was not a controlled substance. Consequently, NRS 453.321, NRS 453.323(1), and NRS 453.332 are part of an overall statutory scheme that is designed to supplement, not supplant, the intended coverage of one another. Therefore, we conclude that the plain language of NRS 453.321 covers particular offenses relating to the sale of an actual controlled substance, whereas both *210 NRS 453.323(1) and NRS 453.332 cover offenses not involving the sale of an actual controlled substance. Any other interpretation of NRS 453.321 renders NRS 453.323(1) and NRS 453.332 superfluous.
Accordingly, we conclude that the plain language of NRS 453.321 requires the existence of an actual controlled substance in order to sustain a conviction for offering to sell a controlled substance. We further conclude that the State failed to present sufficient evidence to convict Paige under NRS 453.321. For this reason, we reverse and vacate Paige’s conviction.[5]

At trial, Turney testified that based on his education, training, and experience, he believed that the rocks were cocaine at the time of the transaction. Thrney testified further that these types of “turkey buys” are common in Las Vegas.

In 1999, the Nevada Legislature amended NRS 453.321. See 1999 Nev. Stat., ch. 517, § 3, at 2637-38. The version of NRS 453.321 cited above was in effect at the time of Paige’s offense on April 5, 1998. Therefore, the unamended statute applies to the case before us. Additionally, the 1999 amendments to NRS 453.321 do not alter our analysis of the issues before us in the instant matter.

NRS 453.323 provides in relevant part:
1. A person who offers, agrees or arranges unlawfully to sell, supply, transport, deliver, give or administer any controlled substance classified in schedule I or II and then sells, supplies, transports, delivers, gives or administers any other substance in place of the controlled substance is guilty of a category C felony ....

NRS 453.332 provides in relevant part:
1. [T]t is unlawful for a person to manufacture, distribute, sell or possess with the intent to distribute or sell an imitation controlled substance.
5. For the purposes of this section:
(b) “Imitation controlled substance” means a substance, not a controlled substance ....
(1) In the form distributed is shaped, marked or colored so as to lead a reasonable person to believe it is a controlled substance; or
(2) Is represented to be a controlled substance. In determining whether such a representation was made, the court shall consider, in addition to all other logically relevant factors:
(I) Statements made by the defendant regarding the nature of the substance, its use or effect.
(II) Statements made by the defendant regarding the recipient’s ability to resell the substance at a substantially higher price than is customary for the substance.
(HI) Whether the substance is packaged in a manner normally used for illicit controlled substances.

Paige also argues that the district court erred by refusing to instruct the jury that the offense of unlawful sale of an imitation controlled substance under NRS 453.332 is a lesser-related offense of NRS 453.321. In light of our conclusion that the State failed to present sufficient evidence to convict Paige of offering to sell a controlled substance, we find it unnecessary to address this issue.